PAMELA E. COGAN (SBN 105089)
ROBERT M. FORNI, JR. (SBN 180841)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063-2052
Telephone:    (650) 364-8200
Facsimile:    (650) 780-1701
E-mail:    pcogan@ropers.com, rforni@ropers.com

Attorneys for Defendant,
LIBERTY MUTUAL FIRE INSURANCE COMPANY
(erroneously sued herein as LIBERTY MUTUAL FIRE
INSURANCE COMPANY aka LIBERTY MUTUAL
INSURANCE COMPANY)

FILED
JUL 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| RICHARD T. ABBATE,<br><br>         Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a corporation aka LIBERTY MUTUAL INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>         Defendants. | CASE NO. C08-03451 PVT<br><br>(Formerly Santa Clara County Superior Court Case No. 1-08-CV-114237)<br><br>**DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S PETITION FOR REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) [DIVERSITY JURISDICTION]**<br><br>**DEMAND FOR JURY TRIAL [Fed. R. Civ. Proc., Rule 38(a)]** |

**TO PLAINTIFF RICHARD T. ABBATE, HIS ATTORNEY OF RECORD AND THE CLERK OF, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY (erroneously sued herein as LIBERTY MUTUAL FIRE INSURANCE COMPANY aka LIBERTY MUTUAL INSURANCE COMPANY) hereby removes to this Court the State Court action described below:

1. On June 6, 2008, plaintiffs filed this action in the Superior Court for the State of California in and for the County of Santa Clara, case number 1-08-CV-114237, entitled *Richard*

*T. Abbate v. Liberty Mutual Fire Insurance Company, a corporation aka Liberty Mutual Insurance Company; and Does 1 through 10, inclusive.*

2. On June 17, 2008, plaintiff served by hand a Summons and the Complaint on the registered agent for service of process for defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY (hereinafter "Liberty Mutual"). A true and correct copy of the Summons and Complaint served on Liberty Mutual's registered agent for service of process are attached hereto as Exhibit "A." The documents attached as Exhibit "A" constitute all of the process, pleadings and orders received by Liberty Mutual's registered agent for service of process.

3. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332. This action may be removed to this Court by Liberty Mutual pursuant to the provisions of 28 U.S.C. section 1441, subdivision (b), because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between plaintiff and defendants. The determination of citizenship for diversity purposes is governed by federal rather than state law. See, Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F2d 302, 304 (9th Cir 1987), overruled on other grounds, Partington v. Gedan, 923 F2d 686 (9th Cir 1991).

4. This action arises from the alleged denial of plaintiff RICHARD T. ABBATE's claim for defense and indemnity under two insurance policies allegedly issued by Liberty Mutual to him: Policy No. H32-261-124938-106-01, a LibertyGuard Delux Homeowners Policy; and Policy No. LJ1-261-124940-106-7, a LibertyGuard Personal Catastrophe Liability Policy (hereinafter "the Policies"). (Complaint, ¶¶1, 6, 12; Ex. "A.".) Abbate expressly incorporates by reference the Policies into the Complaint in this action. (Complaint, ¶6, 12; Prayer, ¶1.)

5. Abbate alleges that he was sued in another action presently pending before the Contra Costa Superior Court, Case No. C06-02073, *Santa Clara County Correctional Peace Officers Association, Inc., v. Richard T. Abbate and Edward Meyers* (hereinafter "Underlying Action"), for, among other things, negligent conduct arising from his activities as an officer of the Santa Clara County Correctional Peace Officers Association (hereinafter "CPOA), for which he alleges he was entitled to both a defense and indemnification under the Policies. (Complaint, ¶6.) Abbate expressly incorporates by reference the Complaint in the Underlying Action into the

1 Complaint in this action. (Complaint, ¶6, Ex. "A.") In fact, the original Complaint filed in the Underlying Action on October 10, 2006, alleges three causes of action against Abbate for "fraud/conversion," breach of fiduciary duty, and accounting predicated on, among other things, the alleged fact that he paid to himself from CPOA funds in excess of $544,000 without the knowledge, consent or authorization of the CPOA, or its Board of Directors while he was acting in his capacity as the President of the CPOA between 1994 and 2004. (Defendant's Request for Judicial Notice, ¶1, Ex. "A.") Likewise, the First Amended Complaint filed in the Underlying Action on January 3, 2007, alleges four causes of action against Abbate for "fraud/conversion," breach of fiduciary duty, accounting, and "common counts" predicated on, among other things, the alleged fact that he paid to himself from CPOA funds in excess of $544,000 without the knowledge, consent or authorization of the CPOA, or its Board of Directors, while he was acting in his capacity as the President of the CPOA between 1994 and 2004. (Defendant's Request for Judicial Notice, ¶2, Ex. "B.")

6. Abbate alleges that he tendered his claim for a defense in the Underlying Action to Liberty Mutual, which Liberty Mutual allegedly denied. (Complaint, ¶7, Ex. "A.") Consequently, Abbate alleges claims for declaratory relief, fraud and/or misrepresentation, breach of contract, and breach of fiduciary duty against Liberty Mutual. (Complaint, ¶5 through 13.)

7. Abbate is allegedly a citizen of the State of California. (*See*, Complaint ¶ 1.)

8. At all times relevant to the Complaint in this action, Liberty Mutual has been and is a corporation organized under the laws of the State of Wisconsin, with its principle place of business in Boston, Massachusetts. (Declaration of James Pugh ("Pugh Decl."), ¶ 3.) At all times relevant to the Complaint in this action, Liberty Mutual's corporate headquarters and corporate officers have been and are located in Boston, Massachusetts. (Pugh Decl., ¶3.) Although the Complaint names "Does 1 through 10, inclusive," as defendants in this action, the citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded for diversity jurisdiction purposes. 28 USC § 1441(a); Soliman v. Philip Morris, Inc., 311 F3d 966, 971 (9th Cir 2002). Thus, complete diversity exists between plaintiff and Liberty Mutual. 28 U.S.C. §1332(a)(1)(C)(1).

9. The matter in controversy exceeds $75,000, exclusive of interest and costs, because seeks indemnification up to the limits of Liberty Mutual's alleged liability under the Policies for the damages alleged by the plaintiff in the Underlying Action, the Santa Clara County Correctional Peace Officers Association, which allegedly exceed $544,000, as well as reimbursement for the attorney's fees and costs that he has allegedly incurred to defend himself in the underlying action, which reportedly total $46,648.97 as of July 3, 2008. (Complaint ¶ 7, 11 (erroneously denominated Para. 12), 14 (erroneously denominated Para. 13), and Prayer ¶2; Defendant's Request for Judicial Notice, ¶2, Ex. "B"; Declaration of Robert M. Forni, Jr., ¶ 4, Ex. "A.") Abbate also seeks payment for future attorney's fees and costs incurred to defend him in the Underlying Action in addition to those previously incurred until the Underlying Action is finally resolved. (Complaint ¶ 7, 11 (erroneously denominated Para. 12), 14 (erroneously denominated Para. 13), and Prayer ¶2.)

10. In addition to payment for his defense and indemnification under the Policies, Abbate also seeks attorneys' fees, expenses, and costs of suit incurred to obtain coverage for his defense and indemnification in the Underlying Action. (Prayer, ¶4.) A claim for attorneys' fees is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. Galt G/X v. JSS Scandinavia, 142 F.3d 1150, 1155-1156 (9th Cir. 1998); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000); Conrad & Asso. v. Hartford Accident and Indem. Co., 994 F.Supp. 1196, 1199 (N.D. Cal. 1998).

11. In his Complaint, Abbate also seeks punitive damages (Complaint, ¶ 9, 14 (erroneously denominated Para. 13), Prayer ¶3), which is sufficient to invoke diversity jurisdiction. See, Gibson v. Chrysler Corp., 261 F.3d 927, 946 (9th Cir. 2001).

12. A copy of this Petition shall be contemporaneously filed in the office of the clerk for

\\\\
\\\\
\\\\
\\\\
\\\\

1  the Superior Court of Santa Clara County.

2  Dated: July 16, 2008                    ROPERS, MAJESKI, KOHN & BENTLEY

   By: /s/
   PAMELA E. COGAN
   ROBERT M. FORNI, JR.
   Attorneys for Defendant,
   LIBERTY MUTUAL FIRE INSURANCE
   COMPANY (erroneously sued herein as
   LIBERTY MUTUAL FIRE INSURANCE
   COMPANY aka LIBERTY MUTUAL
   INSURANCE COMPANY)

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Liberty Mutual Fire Insurance Company, a corporation
aka Liberty Mutual Insurance Company

DOES 1 - 10
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Richard T. Abbate

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
2008 JUN -6  A 11: 03

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY _____ DEPUTY CLERK
D. Wendel

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
  Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 N. First Street
San Jose, California 95113

**CASE NUMBER:** *(Número del Caso):* 1 0 8 C V 1 1 4 2 3 7

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas B. Allen, SBN 99239          408-298-6540    408-298-0914
Burnett, Burnett & Allen
333 W. San Carlos St., 8th Floor
San Jose, Ca 95110

DATE:                                  Clerk, by _____ D. Wendel _____, Deputy
*(Fecha)*                              *(Secretario)*                 *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Liberty Mutual Fire Insurance Company, a corporation aka Liberty Mutual Insurance Company

    under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**


Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

CASE NUMBER: _____

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

108CV114287

**READ THIS ENTIRE FORM**

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> **DEFENDANTS** (The person(s) being sued): You must do each of the following to protect your rights:
>
> 1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> Warning: If you do not do these three things, you may automatically lose this case.

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

> You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is: **Neal A Cabrinha**   Department: **10**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: **OCT 2 8 2008**   Time: **3:45 PM**   in Department **10**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
   Date: _____   Time: _____   in Department _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
 < The parties want a non-adversary procedure
 < The parties have a continuing business or personal relationship
 < Communication problems are interfering with a resolution
 < There is an emotional element involved
 < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

&lt; Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
- &lt; The action is for personal injury, property damage, or breach of contract
- &lt; Only monetary damages are sought
- &lt; Witness testimony, under oath, is desired
- &lt; An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

&lt; Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- &lt; The parties are far apart in their view of the law or value of the case
- &lt; The case involves a technical issue in which the evaluator has expertise
- &lt; Case planning assistance would be helpful and would save legal fees and costs
- &lt; The parties are interested in an injunction, consent decree, or other form of equitable relief

&lt; Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

&lt; Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

## *What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

**Contact:**
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

DOUGLAS B. ALLEN, SBN 99239
BURNETT, BURNETT, & ALLEN
333 WEST SAN CARLOS ST.
EIGHTH FLOOR
SAN JOSE, CALIFORNIA 95110
(408) 298-6540

Attorneys for Richard T. Abbate

ENDORSED

2008 JUN -6 A 11: 03

[Clerk stamp, County of Santa Clara, California]

IN THE SUPERIOR COURT OF STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA

RICHARD T. ABBATE,

    Plaintiffs

vs.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a corporation aka LIBERTY MUTUAL INSURANCE COMPANY; AND DOES 1 THROUGH 10, INCLUSIVE,

    Defendants.

Case No. 1-08-CV 108CV114237

COMPLAINT FOR DECLARATORY RELIEF REGARDING INSURANCE COVERAGE; BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY AND FOR DAMAGES ARISING THEREFROM

COMES NOW PLAINTIFF and alleges as follows:

1. Plaintiff, Richard T. Abbate, is an individual residing in Contra Costa County, California and the insured under insurance contracts by defendants, including Liberty Mutual Fire Insurance Company.

2. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10. Plaintiff is informed and believe and thereon allege that each of said fictitiously named Defendants is responsible in some way for the acts and/or omissions set forth herein, and therefore Plaintiff sues said fictitiously named Defendants as such. Plaintiff prays leave of this court to amend in the true names and capacities when ascertained.

3. Each of the Defendants both actually and fictitiously named were the agent and./or employee and or the alter ego of the remaining Defendants acting within the course of scope of said

agency and/or employment and/or were wholly dominated and controlled by the remaining defendants at the relevant times herein.

4. The coverage and other aspects of the contracts to be performed included activities in Santa Clara County, California, as well as elsewhere in the State of California, thus calling for performance of the terms of the contract in Santa Clara County, California. Further, damages to Plaintiff have been caused to Plaintiff in Santa Clara County California. Defendant Liberty Mutual Fire Insurance Company is a corporation doing business in Santa Clara County, California.

## FIRST CAUSE OF ACTION

*(Declaratory Relief)*

5. Plaintiff hereby incorporates herein by reference each and all of the preceding allegations set forth in Paragraphs 1 through 4 of this complaint as though set forth in full.

6. Plaintiff entered into a policy of insurance with Defendants, policy numbers H32-261-124938-106-1 and LJ1-261-124940-106-7, for the purposes, amongst other things of protecting Plaintiff in the event of suit arising from his activities from his business with the exclusive bargaining unit for the Santa Clara County Sheriff's Correctional Officers, a non profit mutual benefit corporation known as the Santa Clara County Correctional Peace Officers Association (SCCPOA), in which Plaintiff worked as an officer. Plaintiff specifically discussed the need for such coverage with the broker/agent of Defendants prior to entering into the policy of insurance, and was assured of coverage in the event of suit arising from activities associated with the SCCPOA. Plaintiff purchased the "Liberty Guard Deluxe Homeowners Policy" and the "Liberty Guard Personal Liability Protection Policy." Plaintiff has been sued in Contra Costa County Superior Court for conduct, including negligent conduct, arising from his activities involving the SCCPOA and has demanded defense and indemnity from Defendants of that certain action entitled *Santa Clara County Correctional Peace Officers Association, Inc., v. Richard T. Abbate and Edward J. Meyers*, case number C06-02073 (hereinafter the "action"). Plaintiff timely tendered the claim to Defendants by letters to which no response has been received. (Attached are true and correct copies of correspondence sent by plaintiff to defendants.)

7. Based upon information and belief, and by Defendants lack of response, Plaintiff

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, CA 95110

1 reasonably believes Defendants deny coverage. Plaintiff is currently, and continues to incur defense
2 costs to defend the action and demands coverage for indemnity and defense of the action by
3 Defendants, and therefore requests a declaration by this court pursuant to C.C.P. section 1060 that
4 the contract covers Plaintiff for both indemnity and defense of the action.

5     WHEREFORE Plaintiff Richard Abbate prays this court for declaration that DEFENDANT
6 Liberty Mutual Fire Insurance Company, and all Defendants are obligated to provide a defense and
7 indemnify of the action for Plaintiff under the terms of said insurance policy.

## SECOND CAUSE OF ACTION

*(Fraud and/or Misrepresentation)*

10     8. Plaintiff hereby incorporates herein by reference each and all of the preceding allegations
11 set forth in Paragraphs 1 through 7 of this complaint as though set forth in full.

12     9. Plaintiff entered into the specific policy in question under the express assurances by the
13 Defendants, and/or the agent of Defendants that the policy would cover the type of claims set forth in
14 the action, as more fully described above. Defendants have failed to fulfill those promises and
15 Plaintiff has been damaged thereby. Plaintiff alleges that Defendants had no intention of fulfilling
16 those promises at the time that they were made, yet accepted Plaintiff's premium payments none the
17 less, defrauding Plaintiff. Accordingly, Plaintiff prays for damages for fraud and misrepresentation
18 according to proof at trial including consequential damages, and attorney fees. Plaintiff further
19 requests punitive damages for the opressive and wanton conduct of Defendants, in an amount to
20 punish them for their reprehensible acts.

21     Wherefore Plaintiff prays a follows:

## THIRD CAUSE OF ACTION

*(Breach of Contract)*

24     10. Plaintiff hereby incorporates herein by reference each and all of the preceding allegations
25 set forth in Paragraphs 1 through 9 of this complaint as though set forth in full.

26     12. As set forth more fully above Plaintiff and Defendants entered into a written contract of
27 insurance, the terms of which cover the action also above described. Defendants have failed to
28 perform under said contract of insurance as reguired by the terms thereof and as required by the

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, CA 95110

covenant of good faith and fair dealing implied therein, and have therefore breached said contract causing damage to Plaintiff in an amount to be shown according to proof at trial.

Wherefore Plaintiff prays a follows:

## FOURTH CAUSE OF ACTION

*(Breach of fiduciary Duty)*

11. Plaintiff hereby incorporates herein by reference each and all of the preceding allegations set forth in Paragraphs 1 through 12 of this complaint as though set forth in full.

12. In entering into a contractual relationship as an insurer, and the sole insurer, of Plaintiff, and in promising Plaintiff coverage for activities involving the SCCPOA, and knowing that Plaintiff would forbear from obtaining alternate insurance coverage for such activities in reliance on the promises and assurances of Defendants, and for accepting Plaintiff's premiums without objection or qualification, Defendants and each of them, have assumed the duty of a fiduciary to Plaintiff.

13. Defendants have breached said fidicuary duty to Plaintiff's by failing and/or refusing to provide indemnity and defense for the action, causing damage to plaintiff in an amount to be shown according to proof at trial. Plaintiff is further entitled to punitive damages in an amount to punish Defendants for there reprehensible acts.

WHEREFORE Plaintiff prays as follows:

1. For a declaration that the insurance policy numbers H32-261-124938-106-1 and LJ1-261-124940-106-7, obligates Defendants to indemnify and defend Plaintiff from the action.

2. For damages according to proof at trial, including the cost of defense of the action,

3. For punitive damages in an amount to punish Defendants for their reprehensible acts,

4. For costs, including interest, and attorneys fees.

5. For such and further relief as the court deems just and proper.

DATED: May 31, 2008

BURNETT, BURNETT, & ALLEN

DOUGLAS B. ALLEN
Attorney for Plaintiff

EXHIBIT A

## BURNETT, BURNETT, & ALLEN

Trial Attorneys and Counselors at Law

DOUGLAS B. ALLEN

160 W. SANTA CLARA STREET
SUITE 1200
SAN JOSE, CALIFORNIA 95113

DAVID M. BURNETT
(1870-1959)

JOHN M. BURNETT
(1903-1981)

Hon. BRUCE F. ALLEN
(1916-1986)

FAX: (408) 298-0914

TEL: (408) 298-6540

19 December 2006

Brenda C. McDonald
Regional Service Manager
Liberty Mutual Group
Liberty Mutual Fire Insurance Co.
2550 North First Street, Suite 300
San Jose, Ca 95131

Re:   Insured: Richard Abbate
      Policy Number(s): H32-261-124938-106-1
      Action:  CPOA v. Abbate, Meyers; Contra Costa Superior
               Court Case Number C06-02073

Dear Ms. McDonald:

This office has not heard from you regarding our earlier letter dated November 8, 2006, tendering the above referenced case for indemnity and defense. In the meantime, this office has filed a response by demurrer currently set to be heard in Contra Costa County Superior Court on January 9, 2006. This firm has also filed an "Anti-Slapp" motion under C.C.P. Section 425.16. This office has taken depositions of the financial persons of the plaintiffs, including David McCormick, the former CPA, John Haydon, former CPA subsequent to David McCormick, and Brian Minnich, the current treasurer. In light of the filing of the "Slapp" motion, discovery will be stayed pending a hearing thereon by statute.

Your attention to our request for indemnity and defense would be greatly appreciated.

Yours truly,

DOUGLAS B. ALLEN

cc:   client

# BURNETT, BURNETT, & ALLEN

Trial Attorneys and Counselors at Law

DOUGLAS B. ALLEN

160 W. SANTA CLARA STREET
SUITE 1200
SAN JOSE, CALIFORNIA 95113

DAVID M. BURNETT
(1870-1959)

JOHN M. BURNETT
(1903-1981)

Hon. BRUCE F. ALLEN
(1916-1986)

TEL: (408) 298-6540

FAX: (408) 298-0914

8 November 2006

Brenda C. McDonald
Regional Service Manager
Liberty Mutual Group
Liberty Mutual Fire Insurance Co.
2550 North First Street, Suite 300
San Jose, Ca 95131

Re:  Insured: Richard Abbate
     Policy Number(s): H32-261-124938-106-1
     Action: CPOA v. Abbate, Meyers; Contra Costs Superior
     Court Case Number C06-02073

Dear Ms. McDonald:

Please be advised that this firm has been retained to represent your insured, referenced above, regarding the enclosed lawsuit served upon them. The response is currently due on November 16, 2006. This firm is preparing a demurrer to the action and a motion under the California "anti-SLAPP" statute.

The action involves claims that although not clearly stated, would upon the facts necessarily include a negligence claim, and the pleadings do not define the coverage application ( Grey v. Zurich Inc. [1966] 65 C.2d2163, 276). Your insured's policy includes coverage for a home office and credit card forgery etc. The expense reimbursements complained of in the complaint included credit card payments.

The lawsuit allegations and the factual mechanism under which the claims are made trigger coverage for indemnity and/or defense, and accordingly, is hereby tendered to you for indemnity and defense. In light of the broad application of the duty of defense, request is further made that you

immediately contact this office regarding provision of defense. Thank you for your anticipated cooperation.

                                                Yours truly,

                                                DOUGLAS B. ALLEN

DBA:erf
Enclosures

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
RICHARD T. ABBATE, an individual

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Douglas B. Allen (SBN 99239)
Burnett, Burnett & Allen, 333 West San Carlos Street, 8th Fl.,
San Jose, CA 95110
(408) 298-6540

## DEFENDANTS
LIBERTY MUTUAL FIRE INSURANCE COMPANY, a corporation aka LIBERTY MUTUAL INSURANCE COMPANY; and DOES 1 through 10

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Pamela E. Cogan (SBN 105089) & Robert M. Forni, Esq. (SBN 180841) Ropers, Majeski, Kohn, & Bentley, 1001 Marshall Street, Suite 300, Redwood City, CA 94063

C08-03451 PVT
E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X' in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [X] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury— Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | PERSONAL PROPERTY | [ ] 640 R.R.& Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| | | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA(1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | | [ ] 535 Death Penalty | IMMIGRATION | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | [ ] 446 Amer. w/Disabilities – Other | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332(a), 28 U.S.C. § 1441, 28 USCS §1446(b),
Brief description of cause:
This action arises from the alleged breach of an insurance policy

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ >75,000.00+
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE July 16, 2008
SIGNATURE OF ATTORNEY OF RECORD

RC1/5150882.1/RMF