```
 1  PAMELA E. COGAN (SBN 105089)
    ROBERT M. FORNI, JR. (SBN 180841)
 2  ROPERS, MAJESKI, KOHN & BENTLEY
    1001 Marshall Street, Suite 300
 3  Redwood City, CA 94063-2052
    Telephone:   (650) 364-8200
 4  Facsimile:   (650) 780-1701
    E-mail:      pcogan@ropers.com, rforni@ropers.com
 5
    Attorneys for Defendant,
 6  LIBERTY MUTUAL FIRE INSURANCE COMPANY
    (erroneously sued herein as LIBERTY MUTUAL FIRE
 7  INSURANCE COMPANY aka LIBERTY MUTUAL
    INSURANCE COMPANY)
 8
```

**ADR**

**E-filing**

**FILED**

JUL 17 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C08 03451 PVT

| | |
|---|---|
| RICHARD T. ABBATE,<br><br>        Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a corporation aka LIBERTY MUTUAL INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO.<br><br>(Formerly Santa Clara County Superior Court Case No. 1-08-CV-114237)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S PETITION FOR REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) [DIVERSITY JURISDICTION]** |

        Pursuant to Rule 201 of the Federal Rules of Evidence, defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY (erroneously sued herein as LIBERTY MUTUAL FIRE INSURANCE COMPANY aka LIBERTY MUTUAL INSURANCE COMPANY) hereby requests the Court take judicial notice of the following records:

        1.    The Summons and Complaint filed on October 10, 2006, in the Superior Court for the State of California in and for the County of Contra Costa, Case Number C06-02073, entitled *Santa Clara County Correctional Peace Officers Association, Inc., v. Richard T. Abbate and Edward Meyers*. True and correct copies of the Summons and Complaint in that action are attached hereto as Exhibit "A."

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

2. The First Amended Complaint filed on January 3, 2007, in the Superior Court for the State of California in and for the County of Contra Costa, Case Number C06-02073, entitled *Santa Clara County Correctional Peace Officers Association, Inc., v. Richard T. Abbate and Edward Meyers*. True and correct copies of the First Amended Complaint in that action is attached hereto as Exhibit "B."

Dated: July 28, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
PAMELA E. COGAN
ROBERT M. FORNI, JR.
Attorneys for Defendant,
LIBERTY MUTUAL FIRE INSURANCE COMPANY (erroneously sued herein as LIBERTY MUTUAL FIRE INSURANCE COMPANY aka LIBERTY MUTUAL INSURANCE COMPANY)

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)*:
RICHARD T. ABBATE; EDWARD J. MEYERS; AND DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)*:
SANTA CLARA COUNTY CORRECTIONAL PEACE OFFICERS ASSOCIATION

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____ K. Mitchell, Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
Unlimited Civil Jurisdiction
725 Court Street
Martinez, CA 94533

CASE NUMBER: C06 02073
*(Número del Caso)*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ruth Elin Auerbach
711 Van Ness Ave., Suite 440
(415) 673-0560

Law Office of Ruth Auerbach
San Francsico, CA 94102

DATE: 10/10/06        Clerk, by K. Mitchell, Deputy
*(Fecha)*             *(Secretario)*         *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:
   under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

CPOA

RUTH ELIN AUERBACH (SBN 104191)
Attorney at Law
711 Van Ness Avenue, Suite 440
San Francisco, CA 94102
Telephone: (415) 673-0560
Facsimile: (415) 673-0562
e-mail: attorneyruth@sbcglobal.net

SUMMONS ISSUED

FILED

K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By K. Mitchell, Deputy Clerk

Attorneys for Plaintiff, SANTA CLARA COUNTY
CORRECTIONS PEACE OFFICERS ASSOCIATION

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT 09

SUPERIOR COURT, STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

UNLIMITED CIVIL DIVISION

C06 02073

SANTA CLARA COUNTY CORRECTIONAL PEACE OFFICERS ASSOCIATION,

    Plaintiff,

vs.

RICHARD T. ABBATE; EDWARD J. MEYERS; and DOES 1 through 20, inclusive,

    Defendants.

Case No.:

COMPLAINT FOR MONEY:
  (1) Fraud/Conversion;
  (2) Breach of Fiduciary Duty;
  (3) Accounting;

(Amount in Controversy Exceeds $25,000)

Plaintiff complains of Defendants, and each of them as follows:

GENERAL ALLEGATIONS

1. Defendants, DOE 1 through DOE 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint to reflect their true names and capacities when the same have been ascertained.

2. This Court is the proper court for the trial of this action in that one or more of the defendants resides within the jurisdiction of this Court.

COMPLAINT FOR DAMAGES     - 1

3. Plaintiff, SANTA CLARA COUNTY CORRECTIONAL PEACE OFFICERS ASSOCIATION ("CPOA") is now and was at all times herein mentioned a corporation duly formed, organized and existing under and by virtue of the laws of the State of California, and has its principal office located at San Jose, Santa Clara County, California.

4. Defendant RICHARD T. ABBATE is an individual who resides in Contra Costa County, and was, at the time of the events upon which this action is based, the President of CPOA, and as said President had a fiduciary relationship with the Plaintiff and the shareholders and members thereof.

5. Defendant EDWARD J. MEYERS is an individual who was at the time of the events upon which this action is based the Treasurer and Chief Financial Officer of CPOA, and as Treasurer and Chief Financial Officer had a fiduciary relationship with CPOA and the shareholders and members thereof.

6. During the period between 1994 to 2004 defendants paid to themselves from CPOA funds, regular payments allegedly for expense reimbursement and stipends claimed due from Plaintiff to defendants. Plaintiff is informed and believes and on that basis alleges that defendants paid themselves stipends in amounts greatly in excess of any stipends to which they were entitled. Plaintiff is further informed and believes and on that basis alleges that defendants paid to themselves monies allegedly for expense reimbursement substantially in excess of any amounts to which they may have been entitled. Plaintiff has been unable to locate any documentation supporting any of the expense reimbursement payments made by defendants to each other.

7. During the period between 1994 and 2004, the majority of the checks issued by CPOA to defendants MEYERS and ABBATE in payment of alleged stipends and expense reimbursements were signed by MEYERS and/or ABBATE.

8. Between 1994 and 2004 defendant MEYERS, as Treasurer and Chief Financial Officer of CPOA, had exclusive control over the financial books and records of Plaintiff.

COMPLAINT FOR DAMAGES          - 2

9. Until defendant MEYERS was no longer in office, in approximately January 2005, Plaintiff was unable to discover the actions of defendants with respect to the conduct complained of herein.

FIRST CAUSE OF ACTION
(Fraud/Conversion Against all defendants)

10. Plaintiff refers to the allegations contained in Paragraphs 1 through 9 above, and incorporates those allegations herein as if more fully set forth.

11. During the period between 1994 and 2004, Defendants, while acting in their capacities as President and Treasurer of Plaintiff, took monies from Plaintiff's bank account(s) and/or improperly made payments on defendants' personal credit cards with Plaintiff's funds, and converted said funds to their own use. Plaintiff is unaware of the exact amounts converted, but believes that the amounts converted on behalf of Defendant ABBATE exceeded $544,000, and the amounts converted on behalf of Defendant Meyers exceeded $486,000. --Plaintiff is informed and believes and on that basis alleges that the defendants may have converted additional sums, the exact amount of which is unknown. Plaintiff will seek leave to amend this complaint to allege such amounts when they have been ascertained.

12. Prior to the commencement of this action, Plaintiff made demand upon the defendants for an accounting and for repayment of any amounts taken, but defendants have failed and refused to return any portion of said funds or to account for the payments made to them from Plaintiff's funds.

13. The Defendants' acts alleged above were willful, wanton, malicious and oppressive, and were taken with the intent to defraud Plaintiffs and justify an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION
(Breach of Fiduciary Duty against all defendants)

14. Plaintiff refers to the allegations contained in Paragraphs 1 through 13 above, and incorporates those allegations herein as if more fully set forth.

15. As fiduciaries, defendants ABBATE and. MEYERS had an obligation to secure authorization from the membership for any payments made to themselves over and above amounts approved by the general membership in connection with the annual budgets voted upon by the membership.

16. As fiduciaries, defendants ABBATE and MEYERS each had a duty to Plaintiff not to use Plaintiff's funds for personal uses.

17. As fiduciaries, defendants ABBATE and MEYERS each had a duty to render an accounting of monies paid to them or on their account from CPOA funds.

18. In doing the acts complained of herein, Defendants, and each of them, breached their fiduciary duty to Plaintiff by failing to account for payments made, failing to obtain Board approval of all monies paid to them or on their behalf, and for using CPOA funds for personal use.

19. Plaintiff has incurred damages as a result of the actions of defendants. The exact amount of said damages is at the present time unknown. From the records available to Plaintiff, Plaintiff estimates that between 1994 and 2004, defendant MEYERS received $486,505.49 to which he was not entitled, and defendant ABBATE received $544,279.66 to which he was not entitled.

20. Plaintiff has made demand upon defendants for an accounting of all expenses incurred and payments received, in order to determine the extent to which payments were improperly made by defendants to themselves with CPOA funds, but defendants have failed to

COMPLAINT FOR DAMAGES        - 4

provide any accounting or supporting documentation whatsoever. Plaintiff will seek to amend this Complaint to reflect the exact amount of its damages when they have been ascertained.

### THIRD CAUSE OF ACTION
(For an Accounting from All Defendants)

21. Plaintiff refers to the allegations contained in Paragraphs 1 through 20 above, and incorporates those allegations herein as if more fully set forth.

22. Plaintiff is informed and believes and on that basis alleges that Defendants made disbursements to themselves and to each other from Plaintiff's funds far in excess of any amounts that may have been actually owing or due to Defendants. Plaintiff further is informed and believes and on that basis alleges that Defendants failed to obtain authorization for any such disbursements from the CPOA Board of Directors, that Defendants did not fully inform the CPOA Board of Directors of the nature and extent of the alleged expenses for which they sought payment, and that monies are due and owing to Plaintiff by Defendants.

23. Plaintiff has been unable to determine from the records available to it and to its Board of Directors, whether any of the monies paid out by defendants to themselves were in fact for actual services and expenses incurred by Defendants on behalf of CPOA.

24. An accounting by defendants is necessary to show the exact amount due to CPOA from defendants, and to verify whether any of the payments received by Defendants were legitimately paid to them.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. For money damages according to proof;

2. For interest thereon according to proof;

3. For exemplary and punitive damages;

4. For plaintiff's costs of suit incurred herein;

1  5. For such other and further relief as the Court deems just and proper.

2  Dated: September 28, 2006                LAW OFFICE OF RUTH AUERBACH

3
4                                           By: /s/
5                                           Ruth Elin Auerbach,
                                            Attorney for Plaintiff

COMPLAINT FOR DAMAGES         - 6 -

This document is a correct copy
of the original on file in this office.
ATTEST

JUL 0 9 2008

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____ Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ruth Elin Auerbach<br>Law Office of Ruth Auerbach<br>711 Van Ness Ave., Suite 440<br>San Francsico, CA 94102<br>TELEPHONE NO.: (415) 673-0560   FAX NO.: (415) 673-0562<br>ATTORNEY FOR (Name): S.C.C. Police Officers Assn. | FILED<br><br>K. TORRE CLERK OF THE COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF CONTRA COSTA<br>By _K. Mitchell_ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94533
BRANCH NAME: Unlimited Civil Jurisdiction

CASE NAME: SCCCPOA v. Abbate

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount         (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>C06 02073<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [X] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify)*: Three
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 28, 2006

RUTH ELIN AUERBACH                            ▶ /s/
_____               _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use   Martin Dean's         CIVIL CASE COVER SHEET      Cal. Rules of Court, rules 201.8, 1800-1812;
Judicial Council of California   ESSENTIAL FORMS™                                  Standards of Judicial Administration, § 19
CM-010 [Rev. January 1, 2006]                                                      www.courtinfo.ca.gov

CPOA

1  RUTH ELIN AUERBACH (SBN 104191)
   Attorney at Law
2  711 Van Ness Avenue, Suite 440
   San Francisco, CA 94102
3  Telephone: (415) 673-0560
   Facsimile: (415) 673-0562
4  e-mail: attorneyruth@sbcglobal.net

5  Attorneys for Plaintiff, SANTA CLARA COUNTY
   CORRECTIONS PEACE OFFICERS ASSOCIATION

FILED 2007 JAN -3 A 10:06

SUPERIOR COURT, STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

UNLIMITED CIVIL DIVISION

| | |
|---|---|
| SANTA CLARA COUNTY CORRECTIONAL PEACE OFFICERS ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD T. ABBATE; EDWARD J. MEYERS; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: C06-02073<br><br>FIRST AMENDED COMPLAINT FOR MONEY:<br>(1) Fraud/Conversion;<br>(2) Breach of Fiduciary Duty;<br>(3) Accounting;<br>(4) Common Counts<br><br>(Amount in Controversy Exceeds $25,000) |

Plaintiff complains of Defendants, and each of them as follows:

GENERAL ALLEGATIONS

1. Defendants, DOE 1 through DOE 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint to reflect their true names and capacities when the same have been ascertained.

2. This Court is the proper court for the trial of this action in that one or more of the defendants resides within the jurisdiction of this Court.

FIRST AMENDED
COMPLAINT FOR DAMAGES                    - 1

3. Plaintiff, SANTA CLARA COUNTY CORRECTIONAL PEACE OFFICERS ASSOCIATION ("CPOA") is now and was at all times herein mentioned a corporation duly formed, organized and existing under and by virtue of the laws of the State of California, and has its principal office located at San Jose, Santa Clara County, California.

4. Defendant RICHARD T. ABBATE is an individual who resides in Contra Costa County, and was, at the time of the events upon which this action is based, the President of CPOA, and as said President had a fiduciary relationship with the Plaintiff and the shareholders and members thereof.

5. Defendant EDWARD J. MEYERS is an individual who was at the time of the events upon which this action is based the Treasurer and Chief Financial Officer of CPOA, and as Treasurer and Chief Financial Officer had a fiduciary relationship with CPOA and the shareholders and members thereof.

6. During the period between 1994 to 2004 defendants paid to themselves from CPOA funds, regular payments allegedly for expense reimbursement and stipends claimed due from Plaintiff to defendants. Plaintiff is informed and believes and on that basis alleges that defendants paid themselves stipends in amounts greatly in excess of any stipends to which they were entitled. Plaintiff is further informed and believes and on that basis alleges that defendants paid to themselves monies allegedly for expense reimbursement substantially in excess of any amounts to which they may have been entitled. Plaintiff has been unable to locate any documentation supporting any of the expense reimbursement payments made by defendants to each other.

7. During the period between 1994 and 2004, the majority of the checks issued by CPOA to defendants MEYERS and ABBATE in payment of alleged stipends and expense reimbursements were signed by MEYERS and/or ABBATE.

8. Between 1994 and 2004 defendant MEYERS, as Treasurer and Chief Financial Officer of CPOA, had exclusive control over the financial books and records of Plaintiff.

9. Until defendant MEYERS was no longer in office, in approximately January 2005, Plaintiff was unable to discover the full extent of the actions of defendants with respect to the conduct complained of herein.

### FIRST CAUSE OF ACTION
(Fraud/Conversion Against all defendants)

10. Plaintiff refers to the allegations contained in Paragraphs 1 through 9 above, and incorporates those allegations herein as if more fully set forth.

11. During the period between 1994 and 2004, Defendants, while acting in their capacities as President and Treasurer of Plaintiff, took monies from Plaintiff's bank account(s) and/or improperly made payments on defendants' personal credit cards with Plaintiff's funds, and converted said funds to their own use. Plaintiff is unaware of the exact amounts converted, but believes that the amounts converted on behalf of Defendant ABBATE exceeded $544,000, and the amounts converted on behalf of Defendant Meyers exceeded $486,000. --Plaintiff is informed and believes and on that basis alleges that the defendants may have converted additional sums, the exact amount of which is unknown. Plaintiff will seek leave to amend this complaint to allege such amounts when they have been ascertained.

12. Prior to the commencement of this action, Plaintiff made demand upon the defendants for an accounting and for repayment of any amounts taken, but defendants have failed and refused to return any portion of said funds or to account for the payments made to them from Plaintiff's funds.

13. The Defendants' acts alleged above were willful, wanton, malicious and oppressive, and were taken with the intent to defraud Plaintiffs and justify an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION
(Breach of Fiduciary Duty against all defendants)

14. Plaintiff refers to the allegations contained in Paragraphs 1 through 13 above, and incorporates those allegations herein as if more fully set forth.

15. As fiduciaries, defendants ABBATE and MEYERS had an obligation to secure authorization from the membership for any payments made to themselves over and above amounts approved by the general membership in connection with the annual budgets voted upon by the membership.

16. As fiduciaries, defendants ABBATE and MEYERS each had a duty to Plaintiff not to use Plaintiff's funds for personal uses.

17. As fiduciaries, defendants ABBATE and MEYERS each had a duty to render an accounting of monies paid to them or on their account from CPOA funds.

18. In doing the acts complained of herein, Defendants, and each of them, breached their fiduciary duty to Plaintiff by failing to account for payments made, failing to obtain Board approval of all monies paid to them or on their behalf, and for using CPOA funds for personal use.

19. Plaintiff has incurred damages as a result of the actions of defendants. The exact amount of said damages is at the present time unknown. From the records available to Plaintiff, Plaintiff estimates that between 1994 and 2004, defendant MEYERS received $486,505.49 to which he was not entitled, and defendant ABBATE received $544,279.66 to which he was not entitled.

20. Plaintiff has made demand upon defendants for an accounting of all expenses incurred and payments received, in order to determine the extent to which payments were improperly made by defendants to themselves with CPOA funds, but defendants have failed to

COMPLAINT FOR DAMAGES                 - 4

provide any accounting or supporting documentation whatsoever. Plaintiff will seek to amend this Complaint to reflect the exact amount of its damages when they have been ascertained.

### THIRD CAUSE OF ACTION
(For an Accounting from All Defendants)

21. Plaintiff refers to the allegations contained in Paragraphs 1 through 20 above, and incorporates those allegations herein as if more fully set forth.

22. Plaintiff is informed and believes and on that basis alleges that Defendants made disbursements to themselves and to each other from Plaintiff's funds far in excess of any amounts that may have been actually owing or due to Defendants. Plaintiff further is informed and believes and on that basis alleges that Defendants failed to obtain authorization for any such disbursements from the CPOA Board of Directors, that Defendants did not fully inform the CPOA Board of Directors of the nature and extent of the alleged expenses for which they sought payment, and that monies are due and owing to Plaintiff by Defendants.

23. Plaintiff has been unable to determine from the records available to it and to its Board of Directors, whether any of the monies paid out by defendants to themselves were in fact for actual services and expenses incurred by Defendants on behalf of CPOA.

24. An accounting by defendants is necessary to show the exact amount due to CPOA from defendants, and to verify whether any of the payments received by Defendants were legitimately paid to them.

### FOURTH CAUSE OF ACTION
(Common Counts against Defendant Abbate and Does 1 through 20)

25. Plaintiff refers to the allegations contained in Paragraphs 1 through 24 above, and incorporates those allegations herein as if more fully set forth

26. Within four years last past at San Jose, Santa Clara County, defendants RICHARD J. ABBATE and DOES 1 through 20, inclusive, became indebted to Plaintiff in the approximate amount of $544,000 for money paid out and expended to or for the benefit of said defendants from Plaintiff at defendants' special instance and request.

27. No part of the said sum of $544,000 has been paid, and there is now due, owing and unpaid from defendants the said sum of $544,000 together with interest thereon according to proof.

### FIFTH CAUSE OF ACTION
(Common Counts against Defendant Meyers and Does 1 through 20)

28. Within four years last past at San Jose, Santa Clara County, defendants EDWARD J. MEYERS and DOES 1 through 20, inclusive, became indebted to Plaintiff in the approximate amount of $486,000 for money paid out and expended to or for the benefit of said defendants from Plaintiff at defendants' special instance and request.

29. No part of the said sum of $486,000 has been paid, and there is now due, owing and unpaid from defendants the said sum of $486,000, together with interest thereon according to proof.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. For money damages according to proof;

2. For interest thereon according to proof;

3. For exemplary and punitive damages;

4. For plaintiff's costs of suit incurred herein;

5. For such other and further relief as the Court deems just and proper.

COMPLAINT FOR DAMAGES                − 6

1 | Dated: January 2, 2007

LAW OFFICE OF RUTH AUERBACH

By: **RUTH ELIN AUERBACH**
Ruth Elin Auerbach,
Attorney for Plaintiff

COMPLAINT FOR DAMAGES — 7

**PROOF OF SERVICE**

I am a citizen of the United States and am employed in the City and County of San Francisco. I am over the age of eighteen years and not a party to the within action; my business address is 711 Van Ness Avenue, Suite 440, San Francisco, CA 94102.

On January 2, 2007, I served the document(s) described as *First Amended Complaint* by placing true copies thereof enclosed in a sealed envelope and addressed as follows:

Douglas B. Allen, ESq.
Burnett, Burnett & Allen
160 W. Santa Clara Street, Suite 1200
San Jose, CA 95113

[ x ] (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (BY FAX) I transmitted the above-described document by facsimile machine to the above-listed fax number(s). The transmission originated from facsimile phone number (415) 673-0562 and was reported as complete and without error. The facsimile machine properly issued a transmission report.

[ ] (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the office of the addressee.

[ ] (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on January 2, 2007.

RUTH ELIN AUERBACH
_____
Ruth Elin Auerbach

This document is a correct copy of the original on file in this office.
ATTEST

JUL 0 9 2008

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____
Deputy Clerk

COMPLAINT FOR DAMAGES - 8