1   PAMELA E. COGAN (SBN 105089)
    ROBERT M. FORNI, JR. (SBN 180841)
2   ROPERS, MAJESKI, KOHN & BENTLEY
    1001 Marshall Street, Suite 300
3   Redwood City, CA 94063-2052
    Telephone:   (650) 364-8200
4   Facsimile:    (650) 780-1701
    Email:        pcogan@rmkb.com, rforni@rmkb.com
5
    Attorneys for Defendant,
6   LIBERTY MUTUAL FIRE INSURANCE COMPANY
    (erroneously sued herein as LIBERTY MUTUAL FIRE
7   INSURANCE COMPANY aka LIBERTY MUTUAL
    INSURANCE COMPANY)
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN JOSE DIVISION
11

12   RICHARD T. ABBATE,                    CASE NO. CO8-03451 JW
13              Plaintiff,                 NOTICE OF MOTION AND MOTION BY
                                           DEFENDANT LIBERTY MUTUAL FIRE
14   v.                                    INSURANCE COMPANY TO DISMISS
                                           SECOND AND FOURTH CAUSES OF
15   LIBERTY MUTUAL FIRE INSURANCE         ACTION, AND SUPPORTING
     COMPANY, a corporation aka LIBERTY    MEMORANDUM OF POINTS AND
16   MUTUAL INSURANCE COMPANY; and         AUTHORITIES [Fed. R. Civ. Pro. 9, 12(b)(6)]
     DOES 1 through 10, inclusive,
17                                         Date:  Monday, November 3, 2008
                Defendants.                Time:  9:00 a.m.
18                                         Ctrm:  8, 4th Floor
19                                         Hon. James Ware
20

21       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

22       PLEASE TAKE NOTICE that on Monday, November 3, 2008 at 9:00 a.m., or as soon

23   thereafter as the matter may be heard in Courtroom 8 of the above-entitled court located at the

24   United States Courthouse, 280 South First Street, San Jose, California, Defendant LIBERTY

25   MUTUAL FIRE INSURANCE COMPANY (hereinafter "Liberty Mutual") shall, and hereby

26   does, move this Court, pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure,

27   for an order dismissing the second and fourth causes of action alleged against Liberty Mutual in

28   the complaint in this action, with prejudice.  This Motion is made on the grounds that plaintiff has

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  failed to state a claim for fraud upon which relief can be granted because he has alleged no set of

2  facts under which Liberty Mutual may held liable for fraud in that the complaint fails to state with

3  particularity the circumstances constituting the alleged fraud, further amendment to the complaint

4  to state a claim for fraud against Liberty Mutual would be futile, and the amended complaint

5  would also be subject to dismissal.  This Motion is made on the further grounds that plaintiff has

6  failed to state a claim for breach of fiduciary duty upon which relief can be granted because

7  California law, which governs this diversity action, does not recognize a cause of action for

8  breach of fiduciary duty between an insured and an insurer, further amendment to the complaint

9  to state a claim for breach of fiduciary duty against Liberty Mutual would be futile, and the

10  amended complaint would also be subject to dismissal.

      This Motion is based upon this Notice of Motion and Motion, the accompanying

11  

12  Memorandum of Points and Authorities, the Request for Judicial Notice filed contemporaneously

13  herewith as well as the exhibits attached thereto, all pleadings and papers on file in this action;

14  and upon such other matters as may be presented to the Court at the time of the hearing.

15  Dated:  August 7, 2008               ROPERS, MAJESKI, KOHN & BENTLEY

16  

17  By: _____

18  PAMELA E. COGAN
     ROBERT M. FORNI, JR.
     Attorneys for Defendant,
19  LIBERTY MUTUAL FIRE INSURANCE
     COMPANY (erroneously sued herein as LIBERTY
20  MUTUAL FIRE INSURANCE COMPANY aka
     LIBERTY MUTUAL INSURANCE COMPANY)

21  

22  

23  

24  

25  

26  

27  

28  

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5162810.1/RMF

NOTICE OF MOTION AND MOTION TO DISMISS
SECOND AND THIRD CAUSES OF ACTION
Case No. CO8-03451 JW

# TABLE OF CONTENTS

|  |  |  | Page |
|---|---|---|---|
| I. | RELIEF REQUESTED | | 1 |
| II. | INTRODUCTION | | 1 |
| III. | STATEMENT OF FACTS | | 2 |
| | A. | The CPOA's Action Against Plaintiff | 2 |
| | | 1. The CPOA's Allegations | 2 |
| | | 2. The Defendants' Motion to Strike | 3 |
| | | 3. The CPOA's Motion for Attorney's Fees and Costs | 4 |
| | B. | Plaintiff's Action Against Liberty Mutual | 4 |
| | | 1. Plaintiff's Allegations | 4 |
| | | 2. Federal Jurisdiction | 5 |
| IV. | LEGAL ARGUMENT | | 5 |
| | A. | Legal Standard Governing Motions To Dismiss Under Rule 12(b)(6) | 5 |
| | B. | Plaintiff's Claim for Breach of Fiduciary Duty is Not Cognizable | 7 |
| | C. | The Complaint Fails to Allege Sufficient Facts to Support a Fraud Claim | 10 |
| V. | CONCLUSION | | 15 |

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abrego v. Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006)...............................................7

*Aceves v. Allstate Insurance Co.*,
68 F.3d 1160 (9th Cir. 1995)...............................................................................................7

*Allarcom Pay Television, Ltd. v. General Instrument Corp.*,
69 F.3d 381 (9th Cir. 1995)................................................................................................6

*Allstate Insurance Co. v. Hansten*,
765 F. Supp. 614 (N.D. Cal. 1991) ...................................................................................14

*Almon v. State Farm Fire & Casualty Co.*,
724 F. Supp. 765 (S.D. Cal. 1989).....................................................................................9

*Balistreri v. Pacifica Police Department*,
901 F.2d 696 (9th Cir. 1988).............................................................................................6

*Bennett v. Allstate Insurance Co.*,
753 F. Supp. 299 (N.D. Cal. 1990) ...............................................................................8, 10

*Campanelli v. Bockrath*,
100 F.3d 1476 (9th Cir. 1996)...........................................................................................6

*Celador International, Ltd. v. Walt Disney Co.*,
347 F. Supp. 2d 846, 855 (C.D. Cal. 2004)...............................................................12, 15

*LLC v. DiSanto*,
489 F. Supp. 2d 100 (D. Me. 2007) .................................................................................12

*Conley v. Gibson*,
355 U.S. 41, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) ..............................................................6

*Cooper v. Pickett*,
137 F.3d 616 (9th Cir. 1997).............................................................................................11

*Durning v. First Boston Corp.*,
815 F.2d 1265 (9th Cir. 1987), cert. denied, 484 U.S. 944, 108 S. Ct. 330, 98 L.
Ed. 2d 358 (1987).........................................................................................................7

*Edwards v. Marin Park, Inc.*,
356 F.3d 1058 (9th Cir. 2004)..........................................................................................12

*Employers Insurance of Wausau v. Albert D. Seeno Construction Co.*,
945 F.2d 284, 287 (9th Cir. 1991) .....................................................................................8

*Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litigation)*,
42 F.3d 1541 ...................................................................................................................12

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

251 F.3d 844 (9th Cir 2001)...................................................................... 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
896 F.2d 1542 (9th Cir. 1989)............................................................... 7

*Halkin v. VeriFone Inc.*
*(In re VeriFone Sec. Litigation)*, 11 F.3d 865 (9th Cir. 1993).................. 6

*Hassard, Bonnington v. The Home Insurance Co.,*
740 F. Supp. 789 (S.D. Cal. 1990)............................................. 8, 9, 10

*Kanne v. Connecticut Life Insurance Co.,*
607 F. Supp. 899 (C.D. Cal. 1985), 859 F.2d 96 (9th Cir. 1988) ........... 8

*Lancaster Community Hospital v. Antelope Valley Hospital District,*
940 F.2d 397 (9th Cir. 1991)............................................................... 12

*Learning Works, Inc. v. Learning Annex, Inc.,*
830 F.2d 541 (4th Cir. Md. 1987)...................................................... 12

*Lee v. City of Los Angeles,*
250 F.3d 668 (9th Cir. 2001)................................................................. 6

*MGIC Indemnity Corp. v. Weisman,*
803 F.2d 500, 504 (9th Cir. 1986)........................................................ 6

*Maganallez v. Hilltop Lending Corp.,*
505 F. Supp. 2d 594, 608-609 (N.D. Cal. 2007) ............................ 1, 11

*Navarro v. Block,*
250 F.3d 729 (9th Cir. 2001)................................................................. 6

*Neubronner v. Milken,*
6 F.3d 666 (9th Cir. 1993).................................................................. 15

*Parrino v. FHP, Inc.,*
146 F.3d 699 (9th Cir. 1998)................................................................. 7

*Parrish v. NFL Players Association,*
534 F. Supp. 2d 1081 (N.D. Cal. 2007) ............................................... 8

*Porter v. Jones,*
319 F.3d 483 (9th Cir. 2003)............................................................... 11

*Robertson v. Dean Witter Reynolds, Inc.,*
749 F.2d 530 (9th Cir. 1984)................................................................. 6

*Rosengarten v. Buckley,*
565 F. Supp. 193 (D. Md. 1982).......................................................... 11

*Semegen v. Weidner,*
780 F.2d 727 (9th Cir. 1985)............................................................... 12

*Swartz v. KPMG LLP,*
476 F.3d 756, 76, 764 (9th Cir.. 2007)........................................ 6, 7, 12

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

*Taylor v. United States*,
821 F.2d 1428 (9th Cir. 1987)............................................................ 11

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003)............................................................... 6

*United States v. Smithkline Beecham Clinical Laboratories*,
245 F.3d 1048 (9th Cir. Cal. 2001) .................................................... 15

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097, 1107 (9th Cir. 2003).............................................. 11, 12

*Wan v. Commercial Recovery System, Inc.*,
369 F. Supp. 2d 1158 (N.D. Cal. 2005) ............................................... 6

*Warren v. Fox Family Worldwide, Inc.*,
2d 618 (9th Cir. 1981), cert. denied, 454 U.S. 1031, 70 L. Ed. 2d 474,
102 S. Ct. 567 (1981) .......................................................................... 6

*Williamson v. Allstate Insurance Co.*,
204 F.R.D. 641, 643, 645 (D. Ariz. 2001) ..................................... 11, 15

**STATE CASES**

*Amtower v. Photon Dynamics, Inc.*,
158 Cal. App. 4th 1582 1599 71 Cal. Rptr. 3d 361 (2008)..................... 7

*Blankenheim v. E. F. Hutton & Co.*,
217 Cal. App. 3d 1463 (1990)............................................................ 14

*Cicone v. Urs Corp.*,
183 Cal. App. 3d 1, 200 (1986).......................................................... 10

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
68 Cal. App. 4th 445, 80 Cal. Rptr. 2d 329 (1998)............................... 7

*Committee on Children's Television v. General Foods Corp*
35 Cal. 3d 197, 197 Cal. Rptr. 783, 673 P.2d 660 (1983)...................... 8

*Foley v. Interactive Data*,
47 Cal. 3d 654, 254 Cal. Rptr. 211, 765 P.2d 373 (1988)...................... 8

*Frommoethelydo v. Fire Insurance Exchang*
42 Cal. 3d 208 (1986) ......................................................................... 9

*Gagne v. Bertran*,
43 Cal. 2d 481, 275 P.2d 15 (1954) .................................................... 14

*Gibson v. Government Employees Insurance Co.*,
162 Cal. App. 3d 441, 452 (1984)................................................... 9, 10

*Gonsalves v. Hodgson* (1951)
38 Cal. 2d 91, 237 P.2d 656 .............................................................. 10

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

*Henry v. Associated Indemnity,*
217 Cal. App. 3d 1405, 266 Cal. Rptr. 578 (1990) ................................................................ 8

*J. C. Penney Casualty Insurance Co. v. M. K.,*
2 Cal. 3d 1009, 1019 (1991) ................................................................ 14

*Love v. Fire Insurance Exchange,*
221 Cal. App. 3d 1136, 1149, 271 Cal. Rptr. 246, 253 (1990) ...................................... 8, 9

*Mosier v. S. Cal. Physicians Insurance Exch.,*
63 Cal. App. 4th 1022, 74 Cal. Rptr. 2d 550 (1998) ................................................................ 7

*Oakland Raiders v. National Football League,*
131 Cal. App. 4th 621, 32 Cal. Rptr. 3d 266 (2005) ................................................................ 8

*Richelle L. v. Roman Catholic Archbishop,*
106 Cal. App. 4th 257, 130 Cal. Rptr. 2d 601 (2003) ........................................................ 7

*Seaman's Direct Buying Service Inc. v. Standard Oil,*
36 Cal. 3d 752, 206 Cal. Rptr. 354, 686 P.2d 1158 (1984) ................................................ 8

*Slovensky v. Friedman,*
142 Cal. App. 4th 1518, 49 Cal. Rptr. 3d 60 (2006) ........................................................ 7

*State Farm Fire & Casualty Co. v. Superior Court,*
216 Cal. App. 3d 1222 (1989) ................................................................ 9

*Tomerlin v. Canadian Indemnity Co.,*
61 Cal. 2d 638, 39 Cal. Rptr. 731 (1964) ................................................................ 14

*Tran v. Farmers Group, Inc.,*
104 Cal. App. 4th 1202, 1212 (2002) ................................................................ 8,9

*United States Fidelity & Guaranty Co. v. American Employer's Insurance Co.,*
159 Cal. App. 3d 277, 205 Cal. Rptr. 460 (1984) ................................................................ 14

*Vu v. Prudential Property & Casualty Insurance Co.,*
26 Cal. 4th 1142, 1151 (2001) ................................................................ ,10

*Wilhelm v. Pray,*
186 Cal. App. 3d 1324, 1331 (1986) ................................................................ 10, 14

**STATE STATUTES**

Cal. Civ. Code § 1668 ................................................................ 14

Cal. Ins. Code §533 ................................................................ 14

- v -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    RELIEF REQUESTED

By this motion, defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") seeks an order dismissing with prejudice plaintiff's second and fourth causes of action for fraud and breach of fiduciary duty, respectively.[1]

## II.    INTRODUCTION

This action arises from the alleged denial of plaintiff's claim for defense and indemnity under two insurance policies issued by Liberty Mutual:  Policy No. H32-261-124938-106-01, a LibertyGuard Deluxe Homeowners Policy; and Policy No. LJ1-261-124940-106-7, a LibertyGuard Personal Catastrophe Liability Policy (hereinafter "the Policies").  (Complaint, ¶¶1, 6, 12; Ex. "A.")  Plaintiff alleges that the Santa Clara County Correctional Peace Officers Association, Inc. ("CPOA") filed suit against him in another action presently pending before the Contra Costa County Superior Court, Case No. C06-02073, entitled, *Santa Clara County Correctional Peace Officers Association, Inc., v. Richard T. Abbate and Edward Meyers* (hereinafter "Underlying Action"), for, among other things, negligent conduct arising from his activities as an officer of the CPOA.  Plaintiff alleges he was entitled to a defense and indemnity in the Underlying Action under the Policies.  (Complaint, ¶6.)  Plaintiff alleges that he tendered his claim for a defense in the Underlying Action to Liberty Mutual on November 8, 2006, and again on December 19, 2006, and that Liberty Mutual never responded to his tender.  (Complaint, ¶7, Ex. "A.")  Consequently, plaintiff alleges that Liberty Mutual impliedly denied his claim, forcing him to incur legal fees and costs to defend himself in the Underlying Action.  He therefore alleges causes of action for declaratory relief, "fraud and/or misrepresentation," breach of contract, and breach of fiduciary duty against Liberty Mutual.  (Complaint, ¶5 through 13.)

However, plaintiff cannot state a cause of action against Liberty Mutual for breach of fiduciary duty under California law, which governs this diversity action.  California does not recognize a cause of action for breach of fiduciary duty between an insured and an insurer,

---

[1] A true and correct copy of the complaint in this action is attached as Exhibit "C" to Defendant's Request for Judicial Notice ("RJN") filed contemporaneously with this memorandum.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  because California law does not require the insurer to place the insured's interests before its own.

2      Likewise, plaintiff's claim for fraud is fatally flawed. It fails to state with particularity the

3  circumstances constituting the alleged fraud, including such things as the time, place and contents

4  of the false statements; how they were fraudulent; how the statements misled plaintiff to his

5  detriment; and the person(s) who made them.

6      Accordingly, plaintiff may not recover under either theory of liability as a matter of law.

7  Therefore, plaintiff's second cause of action for fraud and fourth cause of action for breach of

8  fiduciary duty are ripe for dismissal under Fed. R. Civ. Pro. 9 and 12(b)(6).

9  **III.    STATEMENT OF FACTS**

10      **A.    The CPOA's Action Against Plaintiff**

11          **1.    The CPOA's Allegations**

12      The CPOA is a nonprofit mutual benefit corporation that acted as a union representing

13  employees of the Santa Clara County Department of Correction. (Complaint, ¶6.) Plaintiff,

14  Richard Abbate, was elected president of the CPOA in 1992. His last term as president of the

15  CPOA concluded in 2001.

16      On October 10, 2006, the CPOA filed suit against Abbate and Edward Meyers to recover

17  nearly $1 million in funds that Abbate and Meyers allegedly embezzled from the CPOA. (*See*,

18  RJN, Ex. "A.") The original Complaint in the Underlying Action alleges three causes of action

19  against Abbate for "fraud/conversion," breach of fiduciary duty, and accounting predicated on the

20  alleged fact that he paid to himself from CPOA funds in excess of $544,000 without the

21  knowledge, consent or authorization of the CPOA, or its Board of Directors, while he was acting

22  as the President of the CPOA. The CPOA filed a First Amended Complaint on January 3, 2007.

23  (*See*, RJN, Ex. "B.") The amended complaint alleges four causes of action against Abbate for

24  "fraud/conversion," breach of fiduciary duty, accounting, and "common counts" predicated on the

25  alleged fact that he paid to himself from CPOA funds in excess of $544,000 without the

26  knowledge, consent or authorization of the CPOA, or its Board of Directors, while he was acting

27  as the President of the CPOA. Contrary to plaintiff's characterization of the CPOA's allegations,

28  neither the original complaint nor the first amended complaint allege any claim for negligence

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

MEMO. OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
CASE NO. C08-03451 JW

1   against him.

2          Instead, like the original complaint, the first amended complaint seeks compensation for

3   the amounts Abbate and Meyers allegedly took from the CPOA without authorization.  To that

4   end, the first cause of action for "fraud/conversion" alleges:

5              During the period between 1994 and 2004, [Abbate and Meyers],
               while acting in their capacities as President and Treasurer of [the
6              CPOA], took monies from [the CPOA's] bank account(s) and/or
               improperly made payments on [Abbate and Meyers'] personal
7              credit cards with [the CPOA's] funds, and converted said funds to
               their own use.  [The CPOA] is unaware of the exact amounts
8              converted, but believes that the amounts converted on behalf of
               Abbate exceeded $ 544,000, and the amounts converted on behalf
9              of Meyers exceeded $ 486,000.

10  The first cause of action further alleges: "Prior to the commencement of this action, [the CPOA]

11  made demand upon the [Abbate and Meyers] for an accounting and for repayment of any amounts

12  taken, but [Abbate and Meyers] have failed and refused to return any portion of said funds or to

13  account for the payments made to them from [the CPOA's] funds."

14         The remaining causes of action seek similar relief under other legal theories.  In support of

15  its second cause of action, the CPOA alleges that Abbate and Meyers' conduct constituted a

16  breach of their fiduciary duties.  The third cause of action seeks an accounting, based on the

17  following:

18             [The CPOA] is informed and believes and on that basis alleges that
               [Abbate and Meyers] made disbursements to themselves and to
19             each other from [the CPOA's] funds far in excess of any amounts
               that may have been actually owing or due to [Abbate and Meyers].
20             [The CPOA] further is informed and believes and on that basis
               alleges that [Abbate and Meyers] failed to obtain authorization for
21             any such disbursements from the [CPOA] Board of Directors, that
               [Abbate and Meyers] did not fully inform the [CPOA] Board of
22             Directors of the nature and extent of the alleged expenses for which
               they sought payment, and that monies are due and owing to [the
23             CPOA] by [Abbate and Meyers].

24  The fourth and fifth causes of action assert common counts against Abbate and Meyers based on

25  allegations akin to those asserted previously in the first amended complaint.

26         **2.      The Defendants' Motion to Strike**

27         In December 2006, Abbate and Meyers filed a special motion to strike the complaint

28  under Code of Civil Procedure section 425.16, on the grounds that the action was a prohibited

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5162985.1/RMF                          - 3 -

1  "strategic lawsuit against public participation" (i.e., SLAPP suit). In January 2007, the CPOA

2  opposed the defendants' motion to strike. On March 22, 2007, the trial court denied the

3  defendants' Motion to Strike, which was apparently deemed to be asserted against the first

4  amended complaint as well as the original complaint.

5      Abbate and Meyers filed a notice of appeal from the order denying their motion in March

6  2007. On February 25, 2008, the Court of Appeal affirmed the order denying the defendants'

7  motion. (*See*, RJN, Ex. "D.") Abbate and Meyer petitioned the Court of Appeal for rehearing,

8  which was summarily denied. They then filed a Petition for Review before the California

9  Supreme Court, which was denied on June 11, 2008. (*See*, RJN, Ex. "E.") Accordingly, the

10  remittitur was issued on June 12, 2008.

11              **3.    The CPOA's Motion for Attorney's Fees and Costs**

12      On July 17, 2008, the CPOA filed a motion for attorney's fees and costs to recover the

13  legal expenses that it incurred to challenge the defendants' special motion to strike in the trial

14  court and in the Court of Appeal. In their moving papers,[2] the CPOA argues that the defendants'

15  motion was unfounded because the complaint in the Underlying Action "*only* sought money

16  damages for *embezzlement*," and the CPOA's "suit [seeks] the return of *embezzled* funds."

17  (Memorandum, 7:17, 9:6.)

18          **B.    Plaintiff's Action Against Liberty Mutual**

19              **1.    Plaintiff's Allegations**

20      On June 6, 2008, plaintiff filed this action in the Santa Clara County Superior Court. In

21  support of his second cause of action for breach of contract, plaintiff alleges the following: that

22  plaintiff purchased, and has remitted premiums for, the Policies for the purpose of protecting

23  himself in the event of a lawsuit arising from his business activities as an officer of the CPOA;

24  that he discussed the need for such coverage with an unidentified "broker/agent of Defendants"

25  prior to entering into [the Policies]"; that he entered into the Policies "under the express assurance

26  by the Defendant, and/or the agent of Defendants" whom he fails to identify that "the policy

27  [2] A true and correct copy of the Memorandum of Points and Authorities in Support of the CPOA's Motion for
Attorney's Fees and Costs is attached as Exhibit "F" to Defendant's Request for Judicial Notice ("RJN") filed

28  contemporaneously with this memorandum.

MEMO. OF POINTS AND AUTHORITIESIN
SUPPORT OF MOTION TO DISMISS
CASE NO. C08-03451 JW

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

would cover the *type* of claims set forth in the [Underlying Action]"; that he "was assured of coverage in the event of suit arising from activities associated with the [CPOA]" by unidentified persons and/or writings; that he is informed and believes "Defendants deny coverage"; that "Defendants had no intention of fulfilling" unspecified "promises" at the unspecified time they were made, but accepted plaintiff's premium payments nonetheless "defrauding Plaintiff"; and that he "has been damaged thereby" in ways and amounts unspecified, apart from the legal expenses that he alleges has incurred to defend the claims alleged against him in the Underlying Action. (Complaint, ¶6, 7 and 9.) In support of his fourth cause of action for breach of fiduciary duty, plaintiff alleges that Liberty Mutual "assumed the duty of a fiduciary to plaintiff" in entering into the homeowners and umbrella insurance contracts with him, and allegedly promising plaintiff that Liberty Mutual would defend and indemnify him under those contracts for the types of claims alleged against him in the Underlying Action, arising from his alleged embezzlement of union funds. (Complaint, 4:8-12.)

### 2.    Federal Jurisdiction

On July 17, 2008, Liberty Mutual timely removed this action pursuant to 28 U.S.C. section 1441, subdivision (b), because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between plaintiff, a citizen of California, and Liberty Mutual, a corporation organized under the laws of the State of Wisconsin, with its principle place of business in Boston, Massachusetts. (*See*, Complaint ¶ 1.) Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. section 1332.

## IV.    LEGAL ARGUMENT

### A.    Legal Standard Governing Motions To Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief. [Citation omitted.]" *Warren v. Fox Family Worldwide, Inc.*, 171 F. Supp.2d 1057, 1061 (C.D. Cal. 2001). The District Court may dismiss a complaint for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Navarro v. Block*, 250

2   F.3d 729, 732 (9th Cir. 2001). Dismissal is proper where the complaint alleges no cognizable

3   legal theory, *Navarro, supra*, 250 F.3d at 732; the complaint fails to allege sufficient facts to

4   support a cognizable legal theory, *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.

5   1988), *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); or an

6   affirmative defense or other bar to relief is apparent from the face of the complaint. *See, Groten*

7   *v. California*, 251 F3d 844, 851 (9th Cir 2001).

8          In deciding whether to dismiss for failure to state a claim under Rule 12(b)(6), the court

9   focuses its attention on the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476,

10  1479 (9th Cir. 1996); *Allarcom Pay Television, Ltd. v. General Instrument Corp.*, 69 F.3d 381,

11  385 (9th Cir. 1995). However, the court may ignore unreasonable inferences or conclusory legal

12  allegations cast in the form of factual allegations in deciding whether the complaint states a claim

13  upon which relief can be granted. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

14  1981), cert. denied, 454 U.S. 1031, 70 L. Ed. 2d 474, 102 S. Ct. 567 (1981). "Conclusory

15  allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for

16  failure to state a claim." *Halkin v. VeriFone Inc. (In re VeriFone Sec. Litig.)*, 11 F.3d 865, 868

17  (9th Cir. 1993).

18         Moreover, the court is "not required to accept as true conclusory allegations which are

19  contradicted by documents referred to in the complaint," *Steckman v. Hart Brewing Inc.*, 143 F.3d

20  1293, 1295 (9th Cir. 1998), or refuted by an attached document. *Roth v. Garcia Marquez*, 942

21  F.2d 617, 625 (9th Cir. 1991). For that reason, the court may also consider exhibits submitted

22  with the complaint, documents whose contents are alleged or relied on in the complaint, but not

23  explicitly incorporated therein, when their authenticity is not questioned, as well as matters that

24  may be judicially noticed pursuant to Federal Rule of Evidence 201.[3] *Swartz v. KPMG LLP*, 476

25  F.3d 756, 763 (9th Cir.. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001);

26

27  [3] The court may consider documents attached to the complaint, documents incorporated by reference in the
    complaint, or matters of judicial notice without converting a motion to dismiss into a motion for summary judgment.
28  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504
    (9th Cir. 1986); *Wan v. Commercial Recovery Sys., Inc.*, 369 F. Supp. 2d 1158, 1161 (N.D. Cal. 2005).

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    *see, Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other

2    grounds as stated in *Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); *see also, Hal Roach*

3    *Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1989). "These

4    documents are part of the complaint and may be considered in determining whether the plaintiff

5    can prove any set of facts in support of the claim." *Durning v. First Boston Corp.*, 815 F.2d

6    1265, 1267 (9th Cir. 1987), cert. denied, 484 U.S. 944, 108 S. Ct. 330, 98 L. Ed. 2d 358 (1987).

7         Here, plaintiff brought suit based not only on the alleged breach of the insurance contracts

8    between him and Liberty Mutual, but also the pleadings filed by the CPOA in the Underlying

9    Action.  The complaint in this action refers explicitly to both the Policies and the complaints filed

10   in the Underlying Action, the authenticity of which are not in dispute.  (Complaint, ¶6, 11

11   (erroneously denominated 12.)  Therefore, they may be properly considered in this 12(b)(6)

12   motion.  *Swartz, supra*, 476 F.3d at 763.

13        **B.    Plaintiff's Claim for Breach of Fiduciary Duty is Not Cognizable**

14        The substantive law of California applies to this diversity action.  *Aceves v. Allstate Ins.*

15   *Co.*, 68 F.3d 1160, 1163 (9th Cir. 1995).  To establish a cause of action for breach of fiduciary

16   duty under California law, plaintiff must prove the existence of a fiduciary duty, the breach of

17   that duty, and damages proximately caused by the breach.  *Amtower v. Photon Dynamics, Inc.*,

18   158 Cal. App. 4th 1582, 1599, 71 Cal. Rptr. 3d 361 (2008); *Slovensky v. Friedman*, 142 Cal. App.

19   4th 1518, 1534, 49 Cal. Rptr. 3d 60 (2006); *Mosier v. S. Cal. Physicians Ins. Exch.*, 63 Cal. App.

20   4th 1022, 1044, 74 Cal. Rptr. 2d 550 (1998); *City of Atascadero v. Merrill Lynch, Pierce, Fenner*

21   *& Smith, Inc.*, 68 Cal.App.4th 445, 483, 80 Cal. Rptr. 2d 329 (1998).  "A fiduciary relationship is

22   a recognized legal relationship such as a guardian and ward, trustee and beneficiary, agent and

23   principal, or attorney and client." *Richelle L. v. Roman Catholic Archbishop*, 106 Cal. App. 4th

24   257, 271, 130 Cal. Rptr. 2d 601 (2003).  Whether a fiduciary duty exists is a question of law,

25   whereas whether a breach has occurred is a question of fact.  *Amtower, supra*, 158 Cal. App. 4th

26   at 1599.

27        A fiduciary duty can be created by agreement or by special circumstances.  "Before a

28   person can be charged with a fiduciary obligation, he must either knowingly undertake to act on

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RCI/5162985.1/RMF                    - 7 -                    MEMO. OF POINTS AND AUTHORITIESIN
SUPPORT OF MOTION TO DISMISS
CASE NO. C08-03451 JW

behalf and for the benefit of another, or enter into a relationship which imposes that undertaking as a matter of law." *Comm. on Children's Television v. Gen. Foods Corp.*, 35 Cal. 3d 197, 221, 197 Cal. Rptr. 783, 673 P.2d 660 (1983). Mere contractual relationships do not give rise to fiduciary relationships. *Parrish v. NFL Players Ass'n*, 534 F. Supp. 2d 1081, 1097 (N.D. Cal. 2007); *see, Oakland Raiders v. Nat'l Football League*, 131 Cal. App. 4th 621, 633-34, 32 Cal. Rptr. 3d 266 (2005). Thus, the only issue in this case is whether a fiduciary relationship exists between Liberty Mutual and plaintiff under California law by virtue of the fact that Liberty Mutual is an insurer and issued the Policies to him.

Federal courts look to the California Supreme Court for its interpretation of California law, and will consider the decision of the state's intermediate courts in undertaking its analysis only "where that court has not definitively spoken on an issue." *Employers Ins. of Wausau v. Albert D. Seeno Constr. Co.*, 945 F.2d 284, 288 (9th Cir. 1991). Both the Supreme Court and intermediate appellate courts of this State have refrained from characterizing the insurer-insured relationship as a fiduciary one. *Tran v. Farmers Group, Inc.*, 104 Cal. App. 4th 1202, 1211 (2002). Despite many opportunities to do so, the California Supreme Court has "never squarely held that an insurer is a true fiduciary to its insured," but instead it "has consistently described it as a special relationship." *Employers Ins. of Wausau, supra*, 945 F.2d at 287 (quoting, *Love v. Fire Insurance Exchange*, 221 Cal. App. 3d 1136, 1147, 271 Cal. Rptr. 246, 252 (1990)); *see, e.g. Foley v. Interactive Data*, 47 Cal. 3d 654, 254 Cal. Rptr. 211, 765 P.2d 373 (1988); *Seaman's Direct Buying Service Inc. v. Standard Oil*, 36 Cal. 3d 752, 206 Cal. Rptr. 354, 686 P.2d 1158 (1984). "On the other hand, every case to squarely address the issue has decided that indeed under California law *no fiduciary duty is created between insurers and insureds.* [Emphasis added.]" *Bennett v. Allstate Ins. Co.*, 753 F. Supp. 299, 302-303 (N.D. Cal. 1990); *see, e.g., Henry v. Associated Indemnity*, 217 Cal. App. 3d 1405, 1418-19, 266 Cal. Rptr. 578 (1990); *Hassard, Bonnington v. The Home Ins. Co.*, 740 F. Supp. 789 (S.D. Cal. 1990); *Kanne v. Connecticut Life Ins. Co.*, 607 F. Supp. 899 (C.D. Cal. 1985), vacated in part on other grounds, 859 F.2d 96 (9th Cir. 1988), rehearing denied, 867 F.2d 489 (1988) (en banc), cert. denied, 492 U.S. 906, 109 S. Ct. 3216, 106 L. Ed. 2d 566 (1989). Although some cases have referred to the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5162985.1/RMF

- 8 -

MEMO. OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS
CASE NO. C08-03451 JW

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1 relationship between insurer and insured as a limited fiduciary relationship (*see, Gibson v.*

2 *Government Employees Ins. Co.*, 162 Cal. App. 3d 441, 449-450 (1984)), as "akin to a fiduciary

3 relationship" (*State Farm Fire & Casualty Co. v. Superior Court*, 216 Cal. App. 3d 1222, 1226

4 (1989)), or as one involving the "qualities of decency and humanity inherent in the responsibility

5 of a fiduciary" (*Frommoethelydo v. Fire Ins. Exchange*, 42 Cal. 3d 208, 215 (1986)), the

6 California Supreme Court has unequivocally ruled that "[t]he insurer-insured relationship,

7 however, *is not a true 'fiduciary relationship'* in the same sense as the relationship between

8 trustee and beneficiary, or attorney and client. [Emphasis added.]" *Vu v. Prudential Property &*

9 *Casualty Ins. Co.*, 26 Cal. 4th 1142, 1151 (2001); *see, Tran, supra*, 104 Cal. App. 4th at 1212.

10 Rather, "the current state of California law is that the relationship between an insurer and an

11 insured has many of the elements of a fiduciary relationship, *but is not an actual fiduciary*

12 *relationship*. [Emphasis added.]" *Hassard, supra*, 740 F. Supp. at 792; *see, Love, supra*, 221

13 Cal. App. 3d at 1149, n. 7, 271 Cal. Rptr. at 253.  Consequently, California law does not

14 recognize a cause of action for breach of fiduciary duty between an insured and an insurer,

15 because California law does not require the insurer to place the insured's interests before its own.

16 *Hassard, supra*, 740 F. Supp. at 792; *Almon v. State Farm Fire & Casualty Co.*, 724 F. Supp.

17 765, 766 (S.D. Cal. 1989).

18     Although an insurer may be required to disclose all material facts relating to an insurance

19 contract that is in existence, there is no "fiduciary duty" to disclose the availability of other

20 coverages or different insurance policies.  For that reason, the California Court of Appeal held

21 that an automobile insurance carrier did not breach any fiduciary duty by failing to advise its

22 insureds of the availability of underinsured motorist coverage, or that their medical expense

23 coverage was inadequate and should be increased.  *Gibson v. Government Employees Ins. Co.*

24 (1984) 162 Cal. App. 3d 441, 449–450.

25     Here, the complaint alleges that Liberty Mutual "assumed the duty of a fiduciary to

26 plaintiff" by entering into the homeowners and umbrella insurance contracts with him, and

27 allegedly promising plaintiff that Liberty Mutual would defend and indemnify him under those

28 contracts for the types of claims alleged against him in the Underlying Action, which arise from

1  his alleged embezzlement of union funds. (Complaint, 4:8-12.) Even assuming, *arguendo*, that

2  these allegations are true, they do not give rise to any fiduciary duty. No such duty arises from

3  the fact that Liberty Mutual is an insurer, or entered into the disputed insurance contracts with

4  plaintiff. *Vu, supra*, 26 Cal. 4th at 1151; *Henry, supra*, 217 CA3d at 1419; *Bennett, supra*, 753 F.

5  Supp. at 302-303; *Hassard, supra*, 740 F. Supp. at 792. Likewise, Liberty Mutual did not, as a

6  matter of law, owe a fiduciary duty to plaintiff to (1) make available to him a particular kind of

7  insurance covering the types of claims alleged in the Underlying Action, (2) advise him of the

8  availability of such coverage elsewhere in the industry, or (3) advise him that the types of claims

9  alleged in the Underlying Action were not covered under the homeowners and umbrella policies

10  issued to him. *Gibson, supra*, 162 Cal. App. 3d at 452. Consequently, plaintiff's fourth cause of

11  action for breach of fiduciary duty may be dismissed on the grounds that it is not cognizable

12  because it owed no fiduciary duty to plaintiff as a matter of law.

13    **C.    The Complaint Fails to Allege Sufficient Facts to Support a Fraud Claim**

14    Plaintiff's second cause of action for "fraud and/or misrepresentation" is equally infirm

15  under California law and the heightened pleading standards of Fed. R. Civ. Pro. 9, and cannot be

16  amended to state a claim for fraud under California law. California Civil Code Section 1709

17  imposes liability for fraud on "one who willfully deceives another with intent to induce him to

18  alter his position to his injury or risk." Fraud is an intentional tort, the elements of which are (1)

19  misrepresentation of a material fact; (2) knowledge of its falsity; (3) intent to defraud, i.e., to

20  induce reliance; (4) justifiable reliance; and (5) resulting damage. *Wilhelm v. Pray*, 186 Cal. App.

21  3d 1324, 1331 (1986); *Cicone v. Urs Corp.*, 183 Cal. App. 3d 194, 200 (1986). "The absence of

22  any one of these required elements will preclude recovery." *Wilhelm, supra*, 186 Cal. App. 3d at

23  1331; *see, Gonsalves v. Hodgson* (1951) 38 Cal.2d 91, 100-101, 237 P.2d 656;

24    Under California law, "the facts constituting the fraud must be alleged with sufficient

25  specificity to allow defendant to understand fully the nature of the charge made." *Cicone, supra*,

26  183 Cal. App. 3d at 200. General and conclusory claims of fraud will not suffice. *Wilhelm*,

27  *supra*, 186 Cal. App. 3d at 1331. Instead, fraud must be specifically pleaded. *Id.* "This means:

28  (1) general pleading of the legal conclusion of fraud is insufficient; and (2) every element of the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RCI/5162985.1/RMF
- 10 -
MEMO. OF POINTS AND AUTHORITIESIN
SUPPORT OF MOTION TO DISMISS
CASE NO. C08-03451 JW

1    cause of action for fraud must be alleged in full, factually and specifically, and the policy of

2    liberal construction of pleading will not usually be invoked to sustain a pleading that is defective

3    in any material respect." *Id.* To establish the element of reliance under California law, "Plaintiffs

4    must show 'actual' reliance, i.e., that the representation was an "'immediate cause'" that altered

5    their legal relations. Besides actual reliance, plaintiff must also show 'justifiable' reliance, i.e.,

6    circumstances were such to make it reasonable for plaintiff to accept defendant's statements

7    without an independent inquiry or investigation. [Citations omitted.]" *Id.*

8        Fraud claims are also subject to the additional requirement under Federal Rule of Civil

9    Procedure 9(b) that "the circumstances constituting fraud or mistake shall be stated with

10   particularity." *Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594, 605-606 (N.D. Cal.

11   2007). "To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a

12   complaint generally must satisfy only the minimal notice pleading requirements of [Federal] Rule

13   [of Civil Procedure] 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). However,

14   where a complaint includes allegations of fraud, Rule 9 requires that claims of fraud include the

15   "who, what, when, where, and *how*" of the alleged misconduct, *Cooper v. Pickett*, 137 F.3d 616,

16   627 (9th Cir. 1997), and governs claims of common law fraud as well as statutory causes of

17   action based on fraud. *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1545 n.3 (9th Cir. 1994);

18   *Williamson v. Allstate Ins. Co.*, 204 F.R.D. 641, 644 (D. Ariz. 2001). Claims that are "grounded

19   in fraud" are subject to the heightened pleading requirements of Rule 9(b) irrespective of their

20   title, even if fraud is not an element of the claim, because "[f]raud can be averred by specifically

21   alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not

22   used)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003); *Maganallez*, *supra*,

23   505 F. Supp. 2d at 608-609. Federal courts sitting in diversity will look to state law to determine

24   whether the complaint details facts constituting fraud with the particularity required by Rule 9(b).

25   *Rosengarten v. Buckley*, 565 F. Supp. 193, 196 (D. Md. 1982). Although state substantive law

26   governs the elements plaintiff must establish to prove fraud in this diversity action, the *manner* in

27   which plaintiff must allege his fraud claims is governed by the Federal Rules of Civil Procedure.

28   *Williamson*, *supra*, 204 F.R.D. at 643, n.3; *see*, *Taylor v. United States*, 821 F.2d 1428, 1432 (9th

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  Cir. 1987). "If the Complaint fails to satisfy the standards of Rule 9(b), that is a matter for a

2  motion to dismiss, not for a more definite statement." *Clean Invs., LLC v. DiSanto*, 489 F. Supp.

3  2d 100, 100 (D. Me. 2007).

4        To satisfy Rule 9(b), a claim for fraud must plead "with particularity" (1) the time and

5  place of the fraud, (2) the contents statements made as well as the identities of the persons who

6  made them, (3) an explanation of why or how such statements were false or misleading when they

7  were made, (4) how the misrepresentations mislead the plaintiff to his detriment, and (5) the role

8  of each defendant in the alleged fraud. *Swartz, supra*, 476 F.3d at 764; *see, Decker v. GlenFed,*

9  *Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1547-49 and n.7 (9th Cir. 1994) *(en banc)*;

10  *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397, 405 (9th Cir.

11  1991); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). The averments must

12  be "specific enough to give defendants notice of the particular misconduct . . . so that they can

13  defend against the charge and not just deny that they have done anything wrong." *Semegen v.*

14  *Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Allegations of fraud based on information and belief

15  are not sufficient to meet the requirements of 9(b). *Celador Int'l, Ltd. v. Walt Disney Co.*, 347 F.

16  Supp. 2d 846, 855 (C.D. Cal. 2004) Reasonable, detrimental reliance upon a misrepresentation is

17  an essential element of cause of action for fraud and must be pleaded with particularity. *Learning*

18  *Works, Inc. v. Learning Annex, Inc.*, 830 F.2d 541, 546 (4th Cir. Md. 1987). Consequently, a

19  fraud claim which fails to allege facts establishing that the plaintiff reasonably relied to his

20  detriment on the defendant's alleged misrepresentation is subject to dismissal. *Id.*; *see, Vess,*

21  *supra*, 317 F.3d at 1107 (observing dismissals under Rule 9(b) are "functional[ly] equivalent" to

22  dismissals under Rule 12(b)(6).)

23        Here, the second cause of action is "grounded" in fraud in that plaintiff prays for punitive

24  damages, consequential damages and attorney's fees "for fraud and misrepresentation" predicated

25  on the slimmest of allegations. (Complaint, ¶9.) These allegations include the following: that

26  plaintiff purchased, and has remitted premiums for, the Policies for the purpose of protecting

27  himself in the event of a lawsuit arising from his business activities as an officer of the CPOA;

28  that he discussed the need for such coverage with an unidentified "broker/agent of Defendants

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

MEMO. OF POINTS AND AUTHORITIESIN
SUPPORT OF MOTION TO DISMISS
CASE NO. C08-03451 JW

prior to entering into [the Policies]"; that he entered into the Policies "under the express assurance by the Defendant, and/or the agent of Defendants" whom he fails to identify that "the policy would cover the *type* of claims set forth in the [Underlying Action]"; that he "was assured of coverage in the event of suit arising from activities associated with the [CPOA]" by unidentified persons and/or writings; that he is informed and believes "Defendants deny coverage"; that "Defendants had no intention of fulfilling" unspecified "promises" at the unspecified time they were made, but accepted plaintiff's premium payments nonetheless "defrauding Plaintiff"; and that he "has been damaged thereby" in ways and amounts unspecified, apart from the legal expenses that he alleges has incurred to defend the claims alleged against him in the Underlying Action. (Complaint, ¶6, 7 and 9.)

The complaint does not, and cannot as a matter of law, allege that plaintiff actually and reasonably relied to his detriment on the purported promise to cover the "type" of claims alleged in the Underlying Action. To establish detrimental reliance, plaintiff must allege what he would have done differently had he known at the time he obtained the Policies what he allegedly knows now. In this case, he has only two options: allege that he would have obtained no insurance, in which case he would be in no worse position than he is in now; or, alternatively, allege that he would have obtained insurance from another insurer covering the types of claims alleged against him in the Underlying Action. The second cause of action is devoid of either allegation.

The closest plaintiff comes to alleging the critical element of detrimental reliance is in stating in Paragraph 12 in support of his fourth cause of action for breach of fiduciary duty, which is not incorporated into his second cause of action, that "Defendants" knew "Plaintiff would forbear from obtaining alternate insurance coverage" for the "types" of claims alleged against in the Underlying Action, which purportedly arise from his unspecified "activities involving the [CPOA]." However, this allegation is insufficient to show that plaintiff relied to his detriment on Liberty Mutual's alleged misrepresentations because it presupposes that he could have obtained "alternate insurance coverage" for the types claims alleged in the Underlying Action when, as a matter of law, such coverage is legally impossible to obtain because the alleged conduct on which the CPOA bases its claims against plaintiff are intentional acts that are excluded in *every*

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   insurance policy issued in this state as a matter of law and public policy.  Cal. Ins. Code §533.

2        In this case, as the CPOA freely admits, the gravamen of each cause of action alleged in

3   the first amended complaint in the Underlying Action is that plaintiff defrauded the CPOA in

4   allegedly "embezzling" union funds, and refusing to return or account for them upon demand.

5   Fraud is an intentional tort.  *Wilhelm, supra*, 186 Cal. App. 3d at 1331.  California Insurance

6   Code section 533 provides that an insurer is not liable for a "wilful act of the insured."  Section

7   533 is an implied exclusionary clause which by statute is to be read into *all* insurance policies

8   issued in this State.  *J. C. Penney Casualty Ins. Co. v. M. K.*, 52 Cal. 3d 1009, 1019 (1991);

9   *United States Fid. & Guar. Co. v. American Employer's Ins. Co.*, 159 Cal.App.3d 277, 284, 205

10  Cal.Rptr. 460 (1984).  Section 533 reflects a fundamental public policy of denying coverage for

11  willful wrongs.  *J. C. Penney Casualty Ins. Co.*, *supra*, 52 Cal. 3d at 1019, n8; *Tomerlin v.*

12  *Canadian Indemnity Co.*, 61 Cal.2d 638, 648, 39 Cal.Rptr. 731 (1964).  Parties to an insurance

13  policy therefore cannot contract for such coverage.  Civ. Code, § 1667; *J. C. Penney Casualty Ins.*

14  *Co.*, *supra*, 52 Cal. 3d at 1019, n.8.

15       Moreover, under California law, no contractual agreement may indemnify anyone from

16  his own fraud under Cal. Civ. Code § 1668.[4]  *Allstate Ins. Co. v. Hansten*, 765 F. Supp. 614, 616

17  (N.D. Cal. 1991).  "Section 1668 reflects the policy of this state to look with disfavor upon those

18  who attempt to contract away their legal liability to others for the commission of torts.  Under this

19  section, a party may not contract away liability for fraudulent or intentional acts or for negligent

20  violations of statutory law."  *Blankenheim v. E. F. Hutton & Co.*, 217 Cal. App. 3d 1463, 1472

21  (1990) (citations omitted).  Negligent misrepresentation is included within the definition of fraud.

22  *Hansten, supra*, 765 F. Supp. at 616; *see, Gagne v. Bertran*, 43 Cal.2d 481, 487-488, 275 P.2d 15

23  (1954); *Blankenheim, supra*, 217 Cal. App. 3d at 1472-73.  Therefore, since there can be no

24  insurance coverage for the types of intentional acts alleged in the Underlying Action as a matter

25  of law, *Hansten, supra*, 765 F. Supp. 616, plaintiff cannot establish that he relied to his detriment

26  on Liberty Mutual's alleged misrepresentation in failing to obtain "alternate insurance coverage"

---

[4] Section 1668 provides: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful *or negligent*, are against the policy of the law.  [Emphasis added.]"

MEMO. OF POINTS AND AUTHORITIESIN
SUPPORT OF MOTION TO DISMISS
CASE NO. C08-03451 JW

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   for them, which simply does not exist.

2        In addition to this fatal deficiency, plaintiff's allegations lack the specificity required by

3   Rule 9.  Plaintiff has failed to set forth the content of any false representation giving rise to his

4   claim, and why they were false, other than alleging that "Defendants" made some vague

5   assurances of coverage of the "types" of claims alleged in the Underlying Action, which are

6   plainly inadequate to give Liberty Mutual notice of the particular misconduct which is alleged to

7   constitute the fraud charged so that it can defend against the charge and not just deny that it has

8   done anything wrong.  *United States v. Smithkline Beecham Clinical Labs*, 245 F.3d 1048, 1052

9   (9th Cir. Cal. 2001); *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993); *Williamson, supra*,

10  204 F.R.D. at 645.  The complaint also fails to plead with specificity a factual basis for how or

11  why Liberty Mutual knew that the vague representations communicated to plaintiff were false.

12  Plaintiff also fails to identify with specificity when the alleged statements were made.  Alleging

13  that "prior to entering into [the Policies]" he was assured of coverage of the types of claims

14  alleged in the Underlying Action is too broad to meet the specificity requirements of 9(b),

15  because it could literally mean anytime -- days, months, or years.  *Celador Int'l, supra*, 347 F.

16  Supp. 2d at 855.  The Complaint is also defective in that it fails to identify where the statements

17  were made, who made the statements and to whom they were made.  "Defendants" and "the

18  broker/agent of Defendants" is too amorphous in that it does not place Liberty Mutual on notice

19  as to who in its organizations may have made the statements.  *Id.*  Accordingly, plaintiff may not

20  recover under his second cause of action because it fails to satisfy Rule 9(b).

21  **V.     CONCLUSION**

22       Plaintiff cannot pursue his claims for breach of fiduciary duty and fraud against Liberty

23  Mutual because he has alleged no set of facts under which Liberty Mutual is liable to him under

24  either theory.  Accordingly, plaintiff's second cause of action for fraud and fourth cause of action

25  for breach of fiduciary duty should be dismissed with prejudice under Fed. R. Civ. Pro. 9 and

26  \ \ \ \

27  \ \ \ \

28  \ \ \ \

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    12(b)(6).

2    Dated:  August 7, 2008                    ROPERS, MAJESKI, KOHN & BENTLEY

3

4                                              By: _____
                                                    PAMELA E. COGAN
5                                                   ROBERT M. FORNI, JR.
                                                    Attorneys for Defendant,
6                                                   LIBERTY MUTUAL FIRE INSURANCE
                                                    COMPANY (erroneously sued herein as LIBERTY
7                                                   MUTUAL FIRE INSURANCE COMPANY aka
                                                    LIBERTY MUTUAL INSURANCE COMPANY)
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5162985.1/RMF                        - 16 -              MEMO. OF POINTS AND AUTHORITIESIN
                                                             SUPPORT OF MOTION TO DISMISS
                                                             CASE NO. C08-03451 JW