1  PAMELA E. COGAN (SBN 105089)
   ROBERT M. FORNI, JR. (SBN 180841)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
3  Redwood City, CA 94063-2052
   Telephone:    (650) 364-8200
4  Facsimile:    (650) 780-1701
   Email:    pcogan@rmkb.com, rforni@rmkb.com
5
   Attorneys for Defendant,
6  LIBERTY MUTUAL FIRE INSURANCE COMPANY
   (erroneously sued herein as LIBERTY MUTUAL FIRE
7  INSURANCE COMPANY aka LIBERTY MUTUAL
   INSURANCE COMPANY)
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD T. ABBATE,<br><br>        Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a corporation aka LIBERTY MUTUAL INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. CO8-03451 JW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION TO DISMISS SECOND AND FOURTH CAUSES OF ACTION, WITH PREJUDICE [Fed. R. Civ. Pro. 9, 12(b)(6)]**<br><br>Date:  Monday, November 3, 2008<br>Time:  9:00 a.m.<br>Ctrm: 8, 4th Floor<br><br>Hon. James Ware |

Pursuant to Rule 201 of the Federal Rules of Evidence, defendant LIBERTY MUTUAL

FIRE INSURANCE COMPANY (erroneously sued herein as LIBERTY MUTUAL FIRE

INSURANCE COMPANY aka LIBERTY MUTUAL INSURANCE COMPANY) hereby

requests that the court take judicial notice of the following records:

1.    The Summons and Complaint filed on October 10, 2006, in the Superior Court for

the State of California in and for the County of Contra Costa, Case Number C06-02073, in the

action entitled *Santa Clara County Correctional Peace Officers Association, Inc., v. Richard T.*

*Abbate and Edward Meyers.*  True and correct copies of the Summons and Complaint in that

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    action are attached hereto as **Exhibit "A."**

2         2.      The First Amended Complaint filed on January 3, 2007, in the Superior Court for

3 the State of California in and for the County of Contra Costa, Case Number C06-02073, in the

4 action entitled *Santa Clara County Correctional Peace Officers Association, Inc., v. Richard T.*

5 *Abbate and Edward Meyers.* A true and correct copy of the First Amended Complaint in that

6 action is attached hereto as **Exhibit "B."**

7         3.      The Summons and Complaint filed on June 6, 2008, in the Superior Court for the

8 State of California in and for the County of Santa Clara, Case Number 1-08-CV-114237, in the

9 action entitled *Richard T. Abbate v. Liberty Mutual Fire Insurance Company, a corporation aka*

10 *Liberty Mutual Insurance Company; and Does 1 through 10, inclusive.* True and correct copies

11 of the Summons and Complaint are attached hereto as **Exhibit "C."**

12         4.      Decision of the California Court of Appeal, First Appellate District, Division Five,

13 affirming order of the Contra Costa County Superior Court denying the defendant's special

14 motion to strike the first amended complaint of respondent Santa Clara County Correctional

15 Peace Officers Association in the matter of *Santa Clara County Correctional Peace Officers*

16 *Association v. Richard T. Abbate, et al.,* Contra Costa County Superior Court, Case No. C06-

17 02073, filed February 25, 2008. A true and correct copy of this decision is attached hereto as

18 **Exhibit "D."**

19         5.      Order of the California Supreme Court denying the defendant's Petition for

20 Review of the decision of the California Court of Appeal, First Appellate District, Division Five,

21 in the matter of *Santa Clara County Correctional Peace Officers Association v. Richard T.*

22 *Abbate, et al.,* Contra Costa County Superior Court, Case No. C06-02073, filed June 11, 2008. A

23 true and correct copy of this Order is attached hereto as **Exhibit "E."**

24         6.      Memorandum of Points and Authorities in Support of the Plaintiff's Motion for

25 Attorney's Fees and Costs, filed July 17, 2008 in the above-referenced action entitled *Santa Clara*

26 *County Correctional Peace Officers Association, Inc., v. Richard T. Abbate and Edward Meyers.*

27 \ \ \ \

28 \ \ \ \

*Ropers Majeski Kohn & Bentley*
A Professional Corporation
Redwood City

RC1/5162876.1/RMF        - 2 -       

1    A true and correct copy of this Memorandum of Points and Authorities is attached hereto as

2    **Exhibit "F."**

3    Dated:  August 6, 2008                    ROPERS, MAJESKI, KOHN & BENTLEY

4

5                                              By: _____
                                                   PAMELA E. COGAN
6                                                  ROBERT M. FORNI, JR.
                                                   Attorneys for Defendant,
7                                                  LIBERTY MUTUAL FIRE INSURANCE
                                                   COMPANY (erroneously sued herein as LIBERTY
8                                                  MUTUAL FIRE INSURANCE COMPANY aka
                                                   LIBERTY MUTUAL INSURANCE COMPANY)
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5162876.1/RMF                          - 3 -                    REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
                                                                   DEFENDANT'S MOTION TO DISMISS
                                                                   Case No. CO8-03451 JW

# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
RICHARD T. ABBATE; EDWARD J. MEYERS; AND DOES 1 through

20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
SANTA CLARA COUNTY CORRECTIONAL
PEACE OFFICERS ASSOCIATION

F I L E D

K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

By _K. Mitchell_ Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| CASE NUMBER: (Número del Caso): | C06  02073 |
| --- | --- |

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
Unlimited Civil Jurisdiction
725 Court Street
Martinez, CA 94533

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ruth Elin Auerbach
711 Van Ness Ave., Suite 440
(415) 673-0560

Law Office of Ruth Auerbach
San Francsico, CA 94102

DATE:
*(Fecha)* 10/10/06

Clerk, by _K. Mitchell_ , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

[SEAL] SUPERIOR COURT CONTRA COSTA CALIFORNIA

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Exhibit A-1

CPOA

F I L E D

1  RUTH ELIN AUERBACH (SBN 104191)
   Attorney at Law
2  711 Van Ness Avenue, Suite 440
   San Francisco, CA 94102
3  Telephone: (415) 673-0560          SUMMONS ISSUED
   Facsimile: (415) 673-0562
4  e-mail: attorneyruth@sbcglobal.net

K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _K. Michel_ Deputy Clerk

5  Attorneys for Plaintiff, SANTA CLARA COUNTY
   CORRECTIONS PEACE OFFICERS ASSOCIATION

6

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT ___09___

7

8              SUPERIOR COURT, STATE OF CALIFORNIA

9                   COUNTY OF CONTRA COSTA

10                  UNLIMITED CIVIL DIVISION

11                                        C06    02073

12  SANTA CLARA COUNTY            )  Case No.:
    CORRECTIONAL PEACE OFFICERS   )
13  ASSOCIATION,                  )
                                  )
14          Plaintiff,            )  COMPLAINT FOR MONEY:
                                  )     (1) Fraud/Conversion;
15                                )     (2) Breach of Fiduciary Duty;
        vs.                       )     (3) Accounting;
16                                )
    RICHARD T. ABBATE; EDWARD J.  )  (Amount in Controversy Exceeds $25,000)
17  MEYERS; and DOES 1 through 20, inclusive,

18      Defendants.

19

20      Plaintiff complains of Defendants, and each of them as follows:

21                      GENERAL ALLEGATIONS

22      1. Defendants, DOE 1 through DOE 20, inclusive, are unknown to Plaintiff, who

23  therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint

24  to reflect their true names and capacities when the same have been ascertained.

25      2. This Court is the proper court for the trial of this action in that one or more of the

26  defendants resides within the jurisdiction of this Court.

COMPLAINT FOR DAMAGES            - 1        Exhibit  A-2

3. Plaintiff, SANTA CLARA COUNTY CORRECTIONAL PEACE OFFICERS ASSOCIATION ("CPOA") is now and was at all times herein mentioned a corporation duly formed, organized and existing under and by virtue of the laws of the State of California, and has its principal office located at San Jose, Santa Clara County, California.

4. Defendant RICHARD T. ABBATE is an individual who resides in Contra Costa County, and was, at the time of the events upon which this action is based, the President of CPOA, and as said President had a fiduciary relationship with the Plaintiff and the shareholders and members thereof.

5. Defendant EDWARD J. MEYERS is an individual who was at the time of the events upon which this action is based the Treasurer and Chief Financial Officer of CPOA, and as Treasurer and Chief Financial Officer had a fiduciary relationship with CPOA and the shareholders and members thereof.

6. During the period between 1994 to 2004 defendants paid to themselves from CPOA funds, regular payments allegedly for expense reimbursement and stipends claimed due from Plaintiff to defendants. Plaintiff is informed and believes and on that basis alleges that defendants paid themselves stipends in amounts greatly in excess of any stipends to which they were entitled. Plaintiff is further informed and believes and on that basis alleges that defendants paid to themselves monies allegedly for expense reimbursement substantially in excess of any amounts to which they may have been entitled. Plaintiff has been unable to locate any documentation supporting any of the expense reimbursement payments made by defendants to each other.

7. During the period between 1994 and 2004, the majority of the checks issued by CPOA to defendants MEYERS and ABBATE in payment of alleged stipends and expense reimbursements were signed by MEYERS and/or ABBATE.

8. Between 1994 and 2004 defendant MEYERS, as Treasurer and Chief Financial Officer of CPOA, had exclusive control over the financial books and records of Plaintiff.

COMPLAINT FOR DAMAGES                        - 2

**Exhibit  A - 3**

9. Until defendant MEYERS was no longer in office, in approximately January 2005, Plaintiff was unable to discover the actions of defendants with respect to the conduct complained of herein.

## FIRST CAUSE OF ACTION
(Fraud/Conversion Against all defendants)

10. Plaintiff refers to the allegations contained in Paragraphs 1 through 9 above, and incorporates those allegations herein as if more fully set forth.

11. During the period between 1994 and 2004, Defendants, while acting in their capacities as President and Treasurer of Plaintiff, took monies from Plaintiff's bank account(s) and/or improperly made payments on defendants' personal credit cards with Plaintiff's funds, and converted said funds to their own use. Plaintiff is unaware of the exact amounts converted, but believes that the amounts converted on behalf of Defendant ABBATE exceeded $544,000, and the amounts converted on behalf of Defendant Meyers exceeded $486,000. --Plaintiff is informed and believes and on that basis alleges that the defendants may have converted additional sums, the exact amount of which is unknown. Plaintiff will seek leave to amend this complaint to allege such amounts when they have been ascertained.

12. Prior to the commencement of this action, Plaintiff made demand upon the defendants for an accounting and for repayment of any amounts taken, but defendants have failed and refused to return any portion of said funds or to account for the payments made to them from Plaintiff's funds.

13. The Defendants' acts alleged above were willful, wanton, malicious and oppressive, and were taken with the intent to defraud Plaintiffs and justify an award of exemplary and punitive damages.

Exhibit  A -4

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty against all defendants)

14. Plaintiff refers to the allegations contained in Paragraphs 1 through 13 above, and incorporates those allegations herein as if more fully set forth.

15. As fiduciaries, defendants ABBATE and. MEYERS had an obligation to secure authorization from the membership for any payments made to themselves over and above amounts approved by the general membership in connection with the annual budgets voted upon by the membership.

16. As fiduciaries, defendants ABBATE and MEYERS each had a duty to Plaintiff not to use Plaintiff's funds for personal uses.

17. As fiduciaries, defendants ABBATE and MEYERS each had a duty to render an accounting of monies paid to them or on their account from CPOA funds.

18. In doing the acts complained of herein, Defendants, and each of them, breached their fiduciary duty to Plaintiff by failing to account for payments made, failing to obtain Board approval of all monies paid to them or on their behalf, and for using CPOA funds for personal use.

19. Plaintiff has incurred damages as a result of the actions of defendants. The exact amount of said damages is at the present time unknown. From the records available to Plaintiff, Plaintiff estimates that between 1994 and 2004, defendant MEYERS received $486,505.49 to which he was not entitled, and defendant ABBATE received $544,279.66 to which he was not entitled.

20. Plaintiff has made demand upon defendants for an accounting of all expenses incurred and payments received, in order to determine the extent to which payments were improperly made by defendants to themselves with CPOA funds, but defendants have failed to

COMPLAINT FOR DAMAGES                    − 4

**Exhibit A-5**

provide any accounting or supporting documentation whatsoever. Plaintiff will seek to amend this Complaint to reflect the exact amount of its damages when they have been ascertained.

### THIRD CAUSE OF ACTION
(For an Accounting from All Defendants)

21. Plaintiff refers to the allegations contained in Paragraphs 1 through 20 above, and incorporates those allegations herein as if more fully set forth.

22. Plaintiff is informed and believes and on that basis alleges that Defendants made disbursements to themselves and to each other from Plaintiff's funds far in excess of any amounts that may have been actually owing or due to Defendants. Plaintiff further is informed and believes and on that basis alleges that Defendants failed to obtain authorization for any such disbursements from the CPOA Board of Directors, that Defendants did not fully inform the CPOA Board of Directors of the nature and extent of the alleged expenses for which they sought payment, and that monies are due and owing to Plaintiff by Defendants.

23. Plaintiff has been unable to determine from the records available to it and to its Board of Directors, whether any of the monies paid out by defendants to themselves were in fact for actual services and expenses incurred by Defendants on behalf of CPOA.

24. An accounting by defendants is necessary to show the exact amount due to CPOA from defendants, and to verify whether any of the payments received by Defendants were legitimately paid to them.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. For money damages according to proof;

2. For interest thereon according to proof;

3. For exemplary and punitive damages;

4. For plaintiff's costs of suit incurred herein;

COMPLAINT FOR DAMAGES          - 5

**Exhibit  A-6**

5. For such other and further relief as the Court deems just and proper.

Dated: September 28, 2006

LAW OFFICE OF RUTH AUERBACH

By: _____
Ruth Elin Auerbach,
Attorney for Plaintiff

Exhibit A-7

This document is a correct copy
of the original on file in this office.
ATTEST

JUL 0 9 2008

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____ Deputy Clerk

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*

104191

Ruth Elin Auerbach
Law Office of Ruth Auerbach
711 Van Ness Ave., Suite 440
San Francisco, CA 94102
TELEPHONE NO.: (415) 673-0560    FAX NO.: (415) 673-0562
ATTORNEY FOR *(Name):* S.C.C. Police Officers Assn.

*FOR COURT USE ONLY*

F I L E D

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By K. Michul, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94533
BRANCH NAME: Unlimited Civil Jurisdiction

CASE NAME: SCCCPOA v. Abbate

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | | C06   02073 |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[X] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not    complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [X] punitive

4. Number of causes of action *(specify):* Three

5. This case [ ] is [X] is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 28, 2006

RUTH ELIN AUERBACH
(TYPE OR PRINT NAME)                                    ▶              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
● Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
● File this cover sheet in addition to any cover sheet required by local court rule.
● If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
● Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

Martin Dean's
ESSENTIAL FORMS™

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

Exhibit  A-8                    CPOA

# EXHIBIT "B"

1   RUTH ELIN AUERBACH (SBN 104191)
    Attorney at Law
2   711 Van Ness Avenue, Suite 440
    San Francisco, CA 94102
3   Telephone: (415) 673-0560
    Facsimile: (415) 673-0562
4   e-mail: attorneyruth@sbcglobal.net

5   Attorneys for Plaintiff, SANTA CLARA COUNTY
    CORRECTIONS PEACE OFFICERS ASSOCIATION
6

7

8          SUPERIOR COURT, STATE OF CALIFORNIA

9             COUNTY OF CONTRA COSTA

10           UNLIMITED CIVIL DIVISION

11

12  SANTA CLARA COUNTY      ) Case No.: C06-02073
    CORRECTIONAL PEACE OFFICERS  )
13  ASSOCIATION,              )
                            ) FIRST AMENDED
14        Plaintiff,         ) COMPLAINT FOR MONEY:
                            )    (1) Fraud/Conversion;
15     vs.                  ) (2) Breach of Fiduciary Duty;
                            ) (3) Accounting;
16  RICHARD T. ABBATE; EDWARD J.   ) (4) Common Counts
    MEYERS; and DOES 1 through 20, inclusive, )
17                                (Amount in Controversy Exceeds $25,000)
         Defendants.
18

19

20     Plaintiff complains of Defendants, and each of them as follows:

21               <u>GENERAL ALLEGATIONS</u>

22     1. Defendants, DOE 1 through DOE 20, inclusive, are unknown to Plaintiff, who

23  therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint

24  to reflect their true names and capacities when the same have been ascertained.

25     2. This Court is the proper court for the trial of this action in that one or more of the

26  defendants resides within the jurisdiction of this Court.

FIRST AMENDED
COMPLAINT FOR DAMAGES       – 1         **Exhibit B-1**

3. Plaintiff, SANTA CLARA COUNTY CORRECTIONAL PEACE OFFICERS ASSOCIATION ("CPOA") is now and was at all times herein mentioned a corporation duly formed, organized and existing under and by virtue of the laws of the State of California, and has its principal office located at San Jose, Santa Clara County, California.

4. Defendant RICHARD T. ABBATE is an individual who resides in Contra Costa County, and was, at the time of the events upon which this action is based, the President of CPOA, and as said President had a fiduciary relationship with the Plaintiff and the shareholders and members thereof.

5. Defendant EDWARD J. MEYERS is an individual who was at the time of the events upon which this action is based the Treasurer and Chief Financial Officer of CPOA, and as Treasurer and Chief Financial Officer had a fiduciary relationship with CPOA and the shareholders and members thereof.

6. During the period between 1994 to 2004 defendants paid to themselves from CPOA funds, regular payments allegedly for expense reimbursement and stipends claimed due from Plaintiff to defendants. Plaintiff is informed and believes and on that basis alleges that defendants paid themselves stipends in amounts greatly in excess of any stipends to which they were entitled. Plaintiff is further informed and believes and on that basis alleges that defendants paid to themselves monies allegedly for expense reimbursement substantially in excess of any amounts to which they may have been entitled. Plaintiff has been unable to locate any documentation supporting any of the expense reimbursement payments made by defendants to each other.

7. During the period between 1994 and 2004, the majority of the checks issued by CPOA to defendants MEYERS and ABBATE in payment of alleged stipends and expense reimbursements were signed by MEYERS and/or ABBATE.

8. Between 1994 and 2004 defendant MEYERS, as Treasurer and Chief Financial Officer of CPOA, had exclusive control over the financial books and records of Plaintiff.

COMPLAINT FOR DAMAGES                    − 2

**Exhibit** B-2

9. Until defendant MEYERS was no longer in office, in approximately January 2005, Plaintiff was unable to discover the full extent of the actions of defendants with respect to the conduct complained of herein.

FIRST CAUSE OF ACTION
(Fraud/Conversion Against all defendants)

10. Plaintiff refers to the allegations contained in Paragraphs 1 through 9 above, and incorporates those allegations herein as if more fully set forth.

11. During the period between 1994 and 2004, Defendants, while acting in their capacities as President and Treasurer of Plaintiff, took monies from Plaintiff's bank account(s) and/or improperly made payments on defendants' personal credit cards with Plaintiff's funds, and converted said funds to their own use. Plaintiff is unaware of the exact amounts converted, but believes that the amounts converted on behalf of Defendant ABBATE exceeded $544,000, and the amounts converted on behalf of Defendant Meyers exceeded $486,000. --Plaintiff is informed and believes and on that basis alleges that the defendants may have converted additional sums, the exact amount of which is unknown. Plaintiff will seek leave to amend this complaint to allege such amounts when they have been ascertained.

12. Prior to the commencement of this action, Plaintiff made demand upon the defendants for an accounting and for repayment of any amounts taken, but defendants have failed and refused to return any portion of said funds or to account for the payments made to them from Plaintiff's funds.

13. The Defendants' acts alleged above were willful, wanton, malicious and oppressive, and were taken with the intent to defraud Plaintiffs and justify an award of exemplary and punitive damages.

COMPLAINT FOR DAMAGES                    - 3                    **Exhibit B-3**

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty against all defendants)

14. Plaintiff refers to the allegations contained in Paragraphs 1 through 13 above, and incorporates those allegations herein as if more fully set forth.

15. As fiduciaries, defendants ABBATE and. MEYERS had an obligation to secure authorization from the membership for any payments made to themselves over and above amounts approved by the general membership in connection with the annual budgets voted upon by the membership.

16. As fiduciaries, defendants ABBATE and MEYERS each had a duty to Plaintiff not to use Plaintiff's funds for personal uses.

17. As fiduciaries, defendants ABBATE and MEYERS each had a duty to render an accounting of monies paid to them or on their account from CPOA funds.

18. In doing the acts complained of herein, Defendants, and each of them, breached their fiduciary duty to Plaintiff by failing to account for payments made, failing to obtain Board approval of all monies paid to them or on their behalf, and for using CPOA funds for personal use.

19. Plaintiff has incurred damages as a result of the actions of defendants. The exact amount of said damages is at the present time unknown. From the records available to Plaintiff, Plaintiff estimates that between 1994 and 2004, defendant MEYERS received $486,505.49 to which he was not entitled, and defendant ABBATE received $544,279.66 to which he was not entitled.

20. Plaintiff has made demand upon defendants for an accounting of all expenses incurred and payments received, in order to determine the extent to which payments were improperly made by defendants to themselves with CPOA funds, but defendants have failed to

COMPLAINT FOR DAMAGES          -  4

**Exhibit  B-4**

1  provide any accounting or supporting documentation whatsoever. Plaintiff will seek to amend

2  this Complaint to reflect the exact amount of its damages when they have been ascertained.

### THIRD CAUSE OF ACTION
(For an Accounting from All Defendants)

5  21. Plaintiff refers to the allegations contained in Paragraphs 1 through 20 above, and

6  incorporates those allegations herein as if more fully set forth.

7  22. Plaintiff is informed and believes and on that basis alleges that Defendants made

8  disbursements to themselves and to each other from Plaintiff's funds far in excess of any

9  amounts that may have been actually owing or due to Defendants. Plaintiff further is informed

10  and believes and on that basis alleges that Defendants failed to obtain authorization for any such

11  disbursements from the CPOA Board of Directors, that Defendants did not fully inform the

12  CPOA Board of Directors of the nature and extent of the alleged expenses for which they

13  sought payment, and that monies are due and owing to Plaintiff by Defendants.

15  23. Plaintiff has been unable to determine from the records available to it and to its

16  Board of Directors, whether any of the monies paid out by defendants to themselves were in

17  fact for actual services and expenses incurred by Defendants on behalf of CPOA.

18  24. An accounting by defendants is necessary to show the exact amount due to CPOA

19  from defendants, and to verify whether any of the payments received by Defendants were

20  legitimately paid to them.

### FOURTH CAUSE OF ACTION
(Common Counts against Defendant Abbate and Does 1 through 20)

23  25. Plaintiff refers to the allegations contained in Paragraphs 1 through 24 above, and

24  incorporates those allegations herein as if more fully set forth

**Exhibit B-5**

26.  Within four years last past at San Jose, Santa Clara County, defendants RICHARD J. ABBATE and DOES 1 through 20, inclusive, became indebted to Plaintiff in the approximate amount of $544,000 for money paid out and expended to or for the benefit of said defendants from Plaintiff at defendants' special instance and request.

27.  No part of the said sum of $544,000 has been paid, and there is now due, owing and unpaid from defendants the said sum of $544,000 together with interest thereon according to proof.

### FIFTH CAUSE OF ACTION
(Common Counts against Defendant Meyers and Does 1 through 20)

28.  Within four years last past at San Jose, Santa Clara County, defendants EDWARD J. MEYERS and DOES 1 through 20, inclusive, became indebted to Plaintiff in the approximate amount of $486,000 for money paid out and expended to or for the benefit of said defendants from Plaintiff at defendants' special instance and request.

29.  No part of the said sum of $486,000 has been paid, and there is now due, owing and unpaid from defendants the said sum of $486,000, together with interest thereon according to proof.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.  For money damages according to proof;

2.  For interest thereon according to proof;

3.  For exemplary and punitive damages;

4.  For plaintiff's costs of suit incurred herein;

5.  For such other and further relief as the Court deems just and proper.

Exhibit B-6

1    Dated:  January 2, 2007

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICE OF RUTH AUERBACH

**RUTH ELIN AUERBACH**

By: _____

Ruth Elin Auerbach,
Attorney for  Plaintiff

COMPLAINT FOR DAMAGES                   – 7

**Exhibit  B-7**

1

## PROOF OF SERVICE

2        I am a citizen of the United States and am employed in the City and County of San

3   Francisco.  I am over the age of eighteen years and not a party to the within action; my business
address is 711 Van Ness Avenue, Suite 440, San Francisco, CA 94102.

4        On January 2, 2007, I served the document(s) described as ***First Amended Complaint***

5   by placing true copies thereof enclosed in a sealed envelope and addressed as follows:

6        Douglas B. Allen, ESq.
         Burnett, Burnett & Allen

7        160 W. Santa Clara Street, Suite 1200
         San Jose, CA 95113

8   [ x ](BY MAIL) I am "readily familiar" with the firm's practice for collection and processing

9        correspondence for mailing.  Under that practice it would be deposited with the U.S.
         Postal Service on that same day with postage thereon fully prepaid at San Francisco,

10       California in the ordinary course of business.  I am aware that on motion of the party
         served service is presumed invalid if postal cancellation date or postage meter date is
         more than one day after date of deposit for mailing in affidavit.

11

12  [ ]  (BY FAX) I transmitted the above-described document by facsimile machine to the
         above-listed fax number(s).  The transmission originated from facsimile phone number

13       (415) 673-0562 and was reported as complete and without error.  The facsimile machine
         properly issued a transmission report.

14  [ ]  (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the

15       office of the addressee.

16  [ ]  (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via
         an overnight delivery service in lieu of delivery by mail to the addressee(s).

17       I declare under penalty of perjury under the laws of the State of California that the

18  foregoing is true and correct.

19       Executed at San Francisco, California on January 2, 2007.

20
                                            RUTH ELIN AUERBACH
21                                         _____
                                            Ruth Elin Auerbach
22

23

24

25                                         This document is a correct copy
                                           of the original on file in this office.
26                                         ATTEST

                                           JUL 0 9 2008

COMPLAINT FOR DAMAGES              - 8 -        K. TORRE, CLERK OF THE COURT
                                               SUPERIOR COURT OF CALIFORNIA
                                               COUNTY OF CONTRA COSTA
         **Exhibit  B-8**                      By _____
                                                        Deputy Clerk

# EXHIBIT "C"

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Liberty Mutual Fire Insurance Company, a corporation
*aka Liberty Mutual Insurance Company*

DOES 1 - 10
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Richard T. Abbate



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

2008 JUN -6  A 11: 02

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY:                    [Wendel]
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Clara County Superior Court<br>191 N. First Street<br><br>San Jose, California 95113 | CASE NUMBER:<br>*(Número del Caso)*<br>1 0 8 C V 1 1 4 2 3 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas B. Allen, SBN 99239                   408-298-6540      408-298-0914
Burnett, Burnett & Allen
333 W. San Carlos St., 8th Floor
San Jose, Ca 95110          Kiri Torre
DATE:                     Chief Executive Officer/Clerk    Clerk, by     D. Wendel           , Deputy
*(Fecha)*   JUN - 6 2008                              *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under:  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Exhibit  C-1**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  DOUGLAS B. ALLEN, SBN 99239
   BURNETT, BURNETT, & ALLEN
2  333 WEST SAN CARLOS ST.
   EIGHTH FLOOR
3  SAN JOSE, CALIFORNIA 95110
   (408) 298-6540
4
   Attorneys for Richard T. Abbate
5
6
7
8                 IN THE SUPERIOR COURT OF STATE OF CALIFORNIA
                    IN AND FOR THE COUNTY OF SANTA CLARA
9
   RICHARD T. ABBATE,                    Case No. 1-08-CV
10
                  Plaintiffs             COMPLAINT FOR DECLARATORY
11                                       RELIEF REGARDING INSURANCE
   vs.                                   COVERAGE; BREACH OF CONTRACT;
12                                       BREACH OF FIDUCIARY DUTY AND FOR
   LIBERTY MUTUAL FIRE INSURANCE         DAMAGES ARISING THEREFROM
13 COMPANY, a corporation aka LIBERTY
   MUTUAL INSURANCE COMPANY; AND
14 DOES 1 THROUGH 10, INCLUSIVE,
15                Defendants.
16 _____/
17
       COMES NOW PLAINTIFF and alleges as follows:
18
       1. Plaintiff, Richard T. Abbate, is an individual residing in Contra Costa County, California
19
   and the insured under insurance contracts by defendants, including Liberty Mutual Fire Insurance
20
   Company.
21
       2. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES
22
   1-10. Plaintiff is informed and believe and thereon allege that each of said fictitiously named
23
   Defendants is responsible in some way for the acts and/or omissions set forth herein, and therefore
24
   Plaintiff sues said fictitiously named Defendants as such. Plaintiff prays leave of this court to amend
25
   in the true names and capacities when ascertained.
26
       3. Each of the Defendants both actually and fictitiously named were the agent and./or
27
   employee and or the alter ego of the remaining Defendants acting within the course of scope of said
28

BURNETT, BURNETT
   & ALLEN
333 West San Carlos St.
   8th Floor
San Jose, CA  95110

**Exhibit** C-2

Page 1

FILED  Santa Clara Co
06/06/08  11:07am
Kiri Torre
Chief Executive Offic
By: dwendel DTSCIV010
R#200800058115
CK                $320.00
TL                $320.00

D. Wendel

1  agency and/or employment and/or were wholly dominated and controlled by the remaining

2  defendants at the relevant times herein.

3      4.  The coverage and other aspects of the contracts to be performed included activities in

4  Santa Clara County, California, as well as elsewhere in the State of California, thus calling for

5  performance of the terms of the contract in Santa Clara County, California.  Further, damages to

6  Plaintiff have been caused to Plaintiff in Santa Clara County California.  Defendant Liberty Mutual

7  Fire Insurance Company is a corporation doing business in Santa Clara County, California.

8                          <u>FIRST CAUSE OF ACTION</u>

9                          *(Declaratory Relief)*

10     5.  Plaintiff hereby incorporates herein by reference each and all of the preceding allegations

11 set forth in Paragraphs 1 through 4 of this complaint as though set forth in full.

12     6.  Plaintiff entered into a policy of insurance with Defendants, policy numbers H32-261-

13 124938-106-1 and LJ1-261-124940-106-7, for the purposes, amongst other things of protecting

14 Plaintiff in the event of suit arising from his activities from his business with the exclusive

15 bargaining unit for the Santa Clara County Sheriff's Correctional Officers, a non profit mutual

16 benefit corporation known as the Santa Clara County Correctional Peace Officers Association

17 (SCCPOA), in which Plaintiff worked as an officer.  Plaintiff specifically discussed the need for

18 such coverage with the broker/agent of Defendants prior to entering into the policy of insurance, and

19 was assured of coverage in the event of suit arising from activities associated with the SCCPOA.

20 Plaintiff purchased the "Liberty Guard Deluxe Homeowners Policy" and the "Liberty Guard Personal

21 Liability Protection Policy."  Plaintiff has been sued in Contra Costa County Superior Court for

22 conduct, including negligent conduct, arising from his activities involving the SCCPOA and has

23 demanded defense and indemnity from Defendants of that certain action entitled *Santa Clara County*

24 *Correctional Peace Officers Association, Inc., v. Richard T. Abbate and Edward J. Meyers*, case

25 number C06-02073 (hereinafter the "action").  Plaintiff timely tendered the claim to Defendants by

26 letters to which no response has been received.  (Attached  are true and correct copies of

27 correspondence sent by plaintiff to defendants.)

28     7.  Based upon information and belief, and by Defendants lack of response, Plaintiff

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, CA  95110

Page 2

**Exhibit** C-3

1 | reasonably believes Defendants deny coverage. Plaintiff is currently, and continues to incur defense

2 | costs to defend the action and demands coverage for indemnity and defense of the action by

3 | Defendants, and therefore requests a declaration by this court pursuant to C.C.P. section 1060 that

4 | the contract covers Plaintiff for both indemnity and defense of the action.

5 | WHEREFORE Plaintiff Richard Abbate prays this court for declaration that DEFENDANT

6 | Liberty Mutual Fire Insurance Company, and all Defendants are obligated to provide a defense and

7 | indemnify of the action for Plaintiff under the terms of said insurance policy.

8 | SECOND CAUSE OF ACTION

9 | *(Fraud and/or Misrepresentation)*

10 | 8. Plaintiff hereby incorporates herein by reference each and all of the preceding allegations

11 | set forth in Paragraphs 1 through 7 of this complaint as though set forth in full.

12 | 9. Plaintiff entered into the specific policy in question under the express assurances by the

13 | Defendants, and/or the agent of Defendants that the policy would cover the type of claims set forth in

14 | the action, as more fully described above. Defendants have failed to fulfill those promises and

15 | Plaintiff has been damaged thereby. Plaintiff alleges that Defendants had no intention of fulfilling

16 | those promises at the time that they were made, yet accepted Plaintiff's premium payments none the

17 | less, defrauding Plaintiff. Accordingly, Plaintiff prays for damages for fraud and misrepresentation

18 | according to proof at trial including consequential damages, and attorney fees. Plaintiff further

19 | requests punitive damages for the opressive and wanton conduct of Defendants, in an amount to

20 | punish them for their reprehensible acts.

21 | Wherefore Plaintiff prays a follows:

22 | THIRD CAUSE OF ACTION

23 | *(Breach of Contract)*

24 | 10.Plaintiff hereby incorporates herein by reference each and all of the preceding allegations

25 | set forth in Paragraphs 1 through 9 of this complaint as though set forth in full.

26 | 12. As set forth more fully above Plaintiff and Defendants entered into a written contract of

27 | insurance, the terms of which cover the action also above described. Defendants have failed to

28 | perform under said contract of insurance as reguired by the terms thereof and as required by the

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, CA  95110

Page 3

**Exhibit**  C-4

1  covenant of good faith and fair dealing implied therein, and have therefore breached said contract

2  causing damage to Plaintiff in an amount to be shown according to proof at trial.

   Wherefore Plaintiff prays a follows:

## FOURTH CAUSE OF ACTION

*(Breach of fiduciary Duty)*

6    11.   Plaintiff hereby incorporates herein by reference each and all of the preceding

7  allegations set forth in Paragraphs 1 through 12 of this complaint as though set forth in full.

8    12.  In entering into a contractual relationship as an insurer, and the sole insurer, of Plaintiff,

9  and in promising Plaintiff coverage for activities involving the SCCPOA, and knowing that Plaintiff

10  would forbear from obtaining alternate insurance coverage for such activities in reliance on the

11  promises and assurances of Defendants, and for accepting Plaintiff's premiums without objection or

12  qualification, Defendants and each of them, have assumed the duty of a fiduciary to Plaintiff.

13    13.  Defendants have breached said fidicuary duty to Plaintiff's by failing and/or refusing to

14  provide indemnity and defense for the action, causing damage to plaintiff in an amount to be shown

15  according to proof at trial.  Plaintiff is further entitled to punitive damages in an amount to punish

16  Defendants for there reprehensible acts.

17    WHEREFORE Plaintiff prays as follows:

18    1.  For a declaration that the insurance policy numbers H32-261-124938-106-1 and LJ1-261-

19    124940-106-7,  obligates Defendants to indemnify and defend Plaintiff from the action.

20    2. For damages according to proof at trial, including the cost of defense of the action,

21    3. For punitive damages in an amount to punish Defendants for their reprehensible acts,

22    4. For costs, including interest, and attorneys fees.

23    5. For such and further relief as the court deems just and proper.

DATED: May 31, 2008                           BURNETT, BURNETT, & ALLEN

                                              DOUGLAS B. ALLEN
                                              Attorney for Plaintiff

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, CA  95110

Page 4

**Exhibit** *C-5*

# EXHIBIT "D"

Filed 2/25/08

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**



---

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

---

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

SANTA CLARA COUNTY
CORRECTIONAL PEACE OFFICERS
ASSOCIATION,

      **Plaintiff and Respondent,**

v.

RICHARD T. ABBATE et al.,

      **Defendants and Appellants.**

A117346

(Contra Costa County
Super. Ct. No. C06-02073)

---

      Richard T. Abbate (Abbate) and Edward J. Meyers (Meyers) appeal from an order denying their anti-SLAPP special motion to strike the first amended complaint of respondent Santa Clara County Correctional Peace Officers Association. (Code Civ. Proc., § 425.16.)[1] Among other things, appellants contend that their allegedly unauthorized use of the Association's funds is constitutionally protected activity.

      We will affirm the order.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

      The Santa Clara County Correctional Peace Officers Association (Association) is a nonprofit mutual benefit corporation that acted as a union representing employees of the

---

[1]      Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

**Exhibit** D-1

Santa Clara County Department of Correction. Abbate was elected president of the Association in 1992. By 1993, Meyers was its treasurer.

A. <u>Abbate's and Meyers' Activities</u>

Over the next several years, with Abbate as president and Meyers as treasurer, the Association engaged in efforts to obtain independent bargaining authority and law enforcement powers for correctional officers. These efforts included lobbying, public relations campaigns, and litigation such as *County of Santa Clara v. Deputy Sheriffs' Assn.* (1992) 3 Cal.4th 873, *People ex rel Deputy Sheriffs' Assn v. County of Santa Clara* (1996) 49 Cal.App.4th 1471, and *Abbate v. County of Santa Clara* (2001) 91 Cal.App.4th 1231. Appellants contend they used the Association treasury to mount four legislative attempts to gain law enforcement powers for Association members, resulting ultimately in the 1999 passage of Senate Bill No. 1019, which amended Penal Code Section 831.5, subdivision (g) to grant certain authority to Santa Clara County correctional officers. (See Stats. 1999, chs. 83, 635, § 2.) Abbate's last term as president of the Association concluded in 2001.

B. <u>New Administration and Financial Investigation</u>

In 2003, Abbate ran again for Association president and was defeated by Everett Fitzgerald (Fitzgerald). Abbate and others sued to void the election and obtained a preliminary injunction prohibiting Fitzgerald from performing his duties. This injunction remained in effect until April 2004.

After taking office, Fitzgerald noticed possible irregularities in the Association's financial records and an unusually large number of checks issued to Abbate and Meyers. He appointed a committee to investigate. Upon reviewing the Association's records from 1994 through 2004, the committee discovered that appellants had paid to themselves substantial sums in violation of the Association's bylaws or without proper documentation.

In particular, based upon a review of Association bank records, general ledger, and other financial reports, as well as the expense report files for Association officers and directors and the minutes of the meetings of the board of directors and the membership,

**Exhibit** <u>D-2</u>

the committee determined that: appellants failed to provide complete expense reports to justify the amounts paid to them for reimbursement of expenses; appellants paid to themselves substantial amounts described as "release time," which had not been authorized; at least 25 checks totaling approximately $65,000 had been issued to Meyers and bore the signature of Meyers or Abbate only, in violation of the Association bylaw requiring two signatures; credit card payments had been made on appellants' behalf without documentation; and appellants paid themselves amounts in excess of budgeted and approved stipends and reimbursement.

Meyers was removed from office in 2005.

C. <u>Association Lawsuit Against Abbate and Meyers</u>

The Association filed a complaint against appellants in October 2006 for "fraud/conversion," breach of fiduciary duty, and an accounting, seeking to recoup the amounts allegedly taken from the Association.

In December 2006, appellants filed a special motion to strike the complaint under the anti-SLAPP provisions of Code of Civil Procedure section 425.16. Appellants contended that the Association's causes of action arose from appellants' union activity and that the challenged expenditures had been reported in the Association's records.

In January 2007, the Association's "FIRST AMENDED COMPLAINT FOR MONEY" added common counts to the causes of action previously asserted. Like the original complaint, the first amended complaint essentially sought compensation for the amounts appellants purportedly took from the Association without authorization. The first cause of action for "fraud/conversion" alleged: "During the period between 1994 and 2004, [appellants], while acting in their capacities as President and Treasurer of [the Association], took monies from [the Association's] bank account(s) and/or improperly made payments on [appellants'] personal credit cards with [the Association's] funds, and converted said funds to their own use. [The Association] is unaware of the exact amounts converted, but believes that the amounts converted on behalf of [appellant Abbate] exceeded $544,000, and the amounts converted on behalf of [appellant] Meyers exceeded $486,000." The first cause of action further alleged: "Prior to the commencement of this

**Exhibit D-3**

action, [the Association] made demand upon the [appellants] for an accounting and for repayment of any amounts taken, but [appellants] have failed and refused to return any portion of said funds or to account for the payments made to them from [the Association's] funds."

The remaining causes of action sought similar relief under other legal theories. In their second cause of action, the Association alleged that appellants' conduct constituted a breach of their fiduciary duties. The third cause of action sought an accounting, based largely on the following: "[The Association] is informed and believes and on that basis alleges that [appellants] made disbursements to themselves and to each other from [the Association's] funds far in excess of any amounts that may have been actually owing or due to [appellants]. [The Association] further is informed and believes and on that basis alleges that [appellants] failed to obtain authorization for any such disbursements from the [Association] Board of Directors, that [appellants] did not fully inform the [Association] Board of Directors of the nature and extent of the alleged expenses for which they sought payment, and that monies are due and owing to [the Association] by [appellants]." The fourth and fifth causes of action asserted common counts against appellants based on allegations akin to those asserted elsewhere in the first amended complaint.

The Association also opposed appellants' anti-SLAPP motion to strike, which was apparently deemed to be asserted against the first amended complaint as well as the original complaint. Accompanying the Association's memorandum of points and authorities were declarations from Fitzgerald and two members of the committee that had investigated the financial irregularities, Antonio Richardson and Timothy Davis. These declarations detailed the committee's findings (summarized *ante*) and attached copies of the subject checks and expense reports as exhibits. Abbate and Meyers filed reply papers in support of the motion to strike. After a hearing, the trial court denied the motion.

**Exhibit** D-4

Appellants filed a notice of appeal from the order denying their special motion to strike.[2]

## II. DISCUSSION

Section 425.16 authorizes a defendant to file a special motion to strike any cause of action that the plaintiff brought primarily to chill the exercise of the defendant's constitutional rights of free speech and petition.[3] It establishes a procedure by which the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 312 (*Flatley*); *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192 (*Varian*).)

In its motion, the defendant must make a prima facie showing that the plaintiff's cause of action arises from the defendant's free speech or petition activity. The burden then shifts to the plaintiff to establish a probability of prevailing on the claim. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 (*Equilon*).) If the plaintiff fails to do so, the motion to strike is granted and the prevailing defendant is entitled to recover his or her attorney fees and costs. (§ 425.16, subd. (c).)

In opposing the anti-SLAPP motion, the Association was required both to plead a legally sufficient cause of action and to make a prima facie showing of facts by admissible evidence sufficient to sustain a favorable judgment. (*Equilon, supra,* 29 Cal.4th at p. 67; *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685 fn. 24

---

[2]     Appellants also filed a demurrer to the first amended complaint on the grounds of lack of subject matter jurisdiction, lack of legal capacity, failure to state facts sufficient to constitute a cause of action, and other pleading deficiencies. The court overruled the demurrer. This ruling is not at issue in this appeal.

[3]     In pertinent part, section 425.16 provides: "(b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim. [¶] (2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(1) & (2).)

**Exhibit  D-5**

(*Paulus*).) "The burden on the plaintiff is similar to the standard used in determining motions for nonsuit, directed verdict, or summary judgment." (*Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 907.)

We review de novo whether the cause of action arises from protected activity and whether the plaintiff has shown a probability of prevailing on the merits. (*Greka Integrated, Inc. v. Lowrey* (2005) 133 Cal.App.4th 1572, 1577.) "'We consider "the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) However, we neither "weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law." [Citations.]'" (*Flatley, supra*, 39 Cal.4th at pp. 325-326.)

A. <u>Arising From Protected Activity</u>

As mentioned, appellants were required to make a prima facie showing that the causes of action in the Association's first amended complaint arose from appellants' free speech or petition activity. (See § 425.16, subd. (e)(4) [defining protected activity to include "any . . . conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."].)

Appellants argue that the Association's claims arose from their free speech and petition activity, because the claims target appellants' actions in using the Association treasury in their campaign to obtain law enforcement powers for the Association's members. They note that Government Code section 3502 protects the rights of public employees to participate in union activities, and they claim that a union's right to conduct its activities, and the use of union funds to engage in those activities, is constitutionally protected. Further, appellants point out, the expenditures challenged by the Association included reimbursement to appellants for their payment to a registered lobbyist and media consultant, who had helped the Association members obtain law enforcement status. On this basis, appellants contend: "The claims against [appellants] arose from their

**Exhibit** <u>D-6</u>

expenditure of union funds to support [appellants'] efforts as union officers to obtain peace officer powers for their represented bargaining unit, the Santa Clara County Correctional Officers, in a very prolonged and public controversy. As such, whether justified or not, the expenditures which are the subject of the complaint arose out of [appellants'] protected activity."

We disagree. The Association's first amended complaint does not challenge appellants' lobbying or other union activities. Nor does it contend that appellants should not have spent Association funds for union purposes or union activities. Instead, the Association's causes of action, and the evidence submitted by declaration, contend that appellants took money for *themselves*, without proper *documentation or authorization* by the Association. The gravamen of the Association's complaint is therefore not directed at or based upon protected activity. We do not accept appellants' implicit proposition that, because they now insist the funds were spent to further union activities, the Association's attempt to challenge the veracity of this assertion or recoup funds that were spent without authority or approval is limited by the anti-SLAPP statute.[4]

Appellants cite *Service Emp. Intern. v. Fair Political Prac. Com'n* (1992 9th Cir.) 955 F.2d 1312, for the proposition that the financing of campaigns has been held to impact First Amendment rights. In that case, the court observed that the act of contributing money to a political campaign is an act of political association protected by the First Amendment, and it ruled that contributors to political campaigns therefore had standing to challenge a law imposing campaign contributions. Nothing in the case suggests that California's anti-SLAPP statute protects union leaders for unauthorized

---

[4]      In a similar vein, appellants contend the issue on appeal should be as follows: "Is the expenditure of funds by a union officer, who is also a member of the represented public employee unit, for expense reimbursements for efforts in organizing[,] lobbying, litigation, and public relations, and for direct payments to lobbyists, an act that arises out of that union officer's furtherance of free speech and petition?" Because the first amended complaint does not challenge appellants' expenditure of funds for those efforts, appellants misstate the issue.

**Exhibit  D-7**

expenditures. Nor does it suggest that union leaders have a constitutional right to divert funds from their union.

Appellants also suggest that the Association's first amended complaint was motivated by Abbate's prior political activities and constitutes an effort to dissuade Abbate and others from continuing more of the same. However, in determining whether a cause of action arises from an act in furtherance of protected activity, the question is not whether the plaintiff filed the lawsuit because of or in retaliation for protected activity, but whether the cause of action is based upon protected activity: "That a cause of action arguably may have been triggered by protected activity does not entail that it is one arising from such." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78 [anti-SLAPP motion should not have been granted where city's declaratory relief action in state court arose from a controversy over the validity of an ordinance that prompted federal litigation, not from the filing of the federal litigation itself].) The Association's decision to file its lawsuit may have been prompted by appellants' political positions, but the claims are not based on, and do not arise from, constitutionally protected activities.

B. Probability of Prevailing

Even if appellants had established that the Association's first amended complaint arose from appellants' protected activity, they could not prevail on their anti-SLAPP motion because the Association established a probability of prevailing on its claims.

The declarations submitted on the Association's behalf summarized the findings of the investigation of the apparent financial irregularities involving appellants. The committee members discovered that appellants paid to themselves substantial sums in violation of the Association's bylaws and without proper documentation. For example, the general ledger reflected a number of transactions by which appellants were paid for "Release Time"—time taken by a union official away from his duties as a correctional officer to prepare grievances or address other union matters—in addition to their regular salaries, without proper approval. The committee found at least 25 checks issued to Meyers bearing only one signature, contrary to the Association bylaw that requires checks to be signed by two officers. In further violation of the bylaws, appellants

**Exhibit** D-8

purportedly made unbudgeted expenditures without prior approval by the membership, including payments on stipends and expense reimbursement requests. This evidence demonstrates a prima facie case of the Association's claims, including fraud, conversion, and breach of fiduciary duty.

Appellants dispute the evidence submitted by the Association. For instance, they argue that the checks bearing only one signature show no evidence of negotiation and leave open the possibility that another Association officer endorsed the check on the back. They also urge that all of the allegedly unauthorized or improper expenditures were made by check and were reflected in the Association's general ledger and other accounting records. By these contentions, appellants perhaps demonstrate that the Association's assertions are subject to dispute, but they do not establish that the Association failed to make a prima facie case or that the Association is barred from recovery as a matter of law. Appellants' arguments are therefore insufficient. (*Flatley, supra*, 39 Cal.4th at pp. 325-326.)

Appellants' statute of limitations arguments fare no better. They maintain that the Association's fraud and conversion claims are barred by the three-year statute of limitations (Code Civ. Proc., § 338, subd. (c), (d)), because the lawsuit was filed in October 2006, Abbate has not been an officer since 2001, and Meyers' last questioned transaction was in May 2003. While the Association presented evidence that the wrongdoing was not discovered until at least 2004, and it argues that the wrongdoing could not have been discovered earlier due to appellants' control, deceit and concealment, appellants counter that the alleged wrongdoing could have been discovered sooner because every expenditure was reported in the general ledger and accounting records of the Association. Again, appellants merely establish a disputed question of fact, and they have not shown that the Association's causes of action are time-barred as a matter of law.

Lastly, appellants contend that the Association's lawsuit is barred by section 903 of the Association's bylaws. Section 903 provides that "all unresolved complaints about actions of the Board of Directors alleged to be inconsistent with the requirements of these By-Laws or the California Corporations Code shall be resolved by final and binding

**Exhibit  D-9**

arbitration," which must be filed within 30 days after the alleged act or omission. However, appellants have not established by competent evidence that all of the alleged wrongdoing would have been subject to section 903 as "actions of the board of directors" (as opposed to acts of Meyers or Abbate), or that section 903 would provide the exclusive remedy for appellants' alleged wrongdoing.

In sum, the Association demonstrated a probability that it would prevail on its claims within the meaning of the anti-SLAPP statute. The trial court did not err in denying appellants' special motion to strike.

III. <u>DISPOSITION</u>

The order is affirmed.

**Exhibit** D - 10

---

NEEDHAM, J.

We concur.

---

JONES, P. J.

---

STEVENS, J.*

\* Retired Associate Justice of the Court of Appeal, First Appellate District, Division Five, assigned by the Chief Justice pursuant to art. VI, § 6 of the California Constitution.

*Santa Clara Correctional P.O.A. v. Abbate (A117346)*

**Exhibit** D - 11

EXHIBIT "E"

Court of Appeal, First Appellate District, Div. 5 - No. A117346
S162406

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

SANTA CLARA COUNTY CORRECTIONAL PEACE OFFICERS
ASSOCIATION, Plaintiff and Respondent,

v.

RICHARD T. ABBATE, et al., Defendants and Appellants.

The petition for review is denied.

SUPREME COURT
**FILED**

JUN 1 1 2008

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

**Exhibit** E - 1

# EXHIBIT "F"

**Exhibit** _F_____

Ruth Elin Auerbach (SBN 104191)
711 Van Ness Avenue, Suite 440
San Francisco, California 94102
Telephone: (415) 673-0560
Facsimile: (415) 673-0562
Email: attorneyruth@sbcglobal.com

Donald T. Ramsey (SBN 876110)
Law Offices of Donald T. Ramsey
2518 – 14th Avenue
San Francisco, California 94127
Telephone: (415) 738-6026
Email: Don@DonRamseyLaw.com

William H. Sortor (069424)
Clisham & Sortor
Hobart Building, Suite 603
582 Market Street
San Francisco, California 94104
Telephone: (415) 291-0855
Facsimile: (415-291-0858
Email: ws225@earthlink.net

Attorneys for Plaintiff, SANTA CLARA COUNTY
CORRECTIONAL PEACE OFFICERS ASSOCIATION

SUPERIOR COURT, STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

UNLIMITED CIVIL DIVISION

| | |
|---|---|
| SANTA CLARA COUNTY CORRECTIONAL PEACE OFFICERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD T. ABBATE; EDWARD J. MEYERS; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C06-02073<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF SANTA CLARA COUNTY CORRECTIONAL PEACE OFFICERS ASSOCIATION'S MOTION FOR ATTORNEYS' FEES AND COSTS: CCP §§ 425.16(c) AND 128.5<br><br>Date:<br>Time:<br>Dept: 9<br>Judge: The Honorable Judith Craddick |

**Exhibit** _F - 1_

1

## **TABLE OF CONTENTS**

2

3                                                                                      **Page**

4  I      INTRODUCTION .................................................................................1

5  II     FACTUAL AND PROCEDURAL BACKGROUND .........................................2

6         A. Abbate's and Meyers' Activities...................................................2

7         B. New Administration and Financial Investigation ...........................2

8         C. Association Lawsuit Against Abbate and Meyers ...........................3

9  III    ARGUMENT ....................................................................................5

10        A.  The Anti-SLAPP Statute Permits Fees Against The Unsuccessful
            Defendant Where The Motion To Strike Was Frivolous............................5
11
12        B.  An Anti-SLAPP Motion Is Only Proper When The Underlying Suit
            Targets Protected Activity ........................................................6

13        C.  An Anti-SLAPP Motion Is Only Proper Where There is No
            Probability of Success On the Merits .............................................7
14
15        D.  The Motion To Strike Was Frivolous and Intended For Purposes of
            Delay ...............................................................................9

16        E.  The Frivolous Anti-SLAPP Motion Cost The Association _____
            Thousand Dollars and Delayed Its Suit For Over 18 Months .................11
17
18 IV     CONCLUSION ..................................................................................12

19

20

21

22

23

24

25

26

27                                                          **Exhibit** F-2

28

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF SANTA CLARA COUNTY CORRECTIONAL
PEACE OFFICERS ASSOCIATION'S MOTION FOR ATTORNEYS' FEES AND COSTS; CCP §§ 425.16(C) AND 128.5

TABLE OF AUTHORITIES

**Cases**                                                                                                **Pages**

*A. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.* (2006)
    137 Cal.App.4th 1118, 1129-1130) .................................................................10

*Blackburn v. Brady*
    (2004) 116 Cal.App.4th 670, 677) ................................................................10

*City of Cotati v. Cashman*
    29 Cal.4th 69, 76-77 (2002) ........................................................................7, 9

*Corbett v. Hayward Dodge, Inc.*
    119 Cal.App.4th 915, 922 (2004) ....................................................................6

*County of Santa Clara v. Deputy Sheriffs' Assn.*
    (1992) 3 Cal.4th 873 ......................................................................................2

*Decker v. U.D. Registry, Inc.*
    105 Cal.App.4th 1382 (2003) ..........................................................................5

*Kajima Engineering & Construction, Inc. v. City of Los Angeles*
    (2002) 95 Cal.App.4th 921, 929-930) ...........................................................10

*Navellier v. Sletten,*
    106 Cal.App.4th 763, 768 (2003) ....................................................................8

*Navellier v. Sletten,*
    29 Cal.4th 82, 88-89 (2002) ...........................................................................8

*Robinzine, supra*
    143 Cal.App.4th at 1421 ................................................................................8

**Codes and Statutes**

Code of Civil Procedure  § 128.5 ...........................................................................1, 2, 5

Code of Civil Procedure § 425.16 ...............................................................2, 4, 5, 6, 7, 10

Code of Civil Procedure § 425.16(b)(1) ...................................................................1

Code of Civil Procedure § 425.16(c) .......................................................................1

Code of Civil Procedure § 425(e) ...........................................................................5

**Treatises**

*Civil Procedure Before Trial,*
    The Ruffen Group, 7.1165 ...............................................................................5

**Exhibit** _F-3_

1
2

# I
## INTRODUCTION

3    In this motion Plaintiff, the Santa Clara County Correctional Peace Officers

4    Association, (CPOA or the Association) seeks Twenty One thousand Three Hundred Fifty

5    Six and 38/100 dollars ($21,356.38) as fees and costs against Defendants Richard T.

6    Abbate and Edward Meyers, and their counsel, Mr. Douglas Allen under CCP § 425.16(c)

7    and CCP § 128.5. Such fees are warranted and appropriate because the unsuccessful anti-

8    SLAPP Motion filed by Abbate, Meyers and Allen in December 2006 was frivolous,

9    without any objective merit and intended solely as a device of harassment and delay.

10   Though anti-SLAPP motions may only be brought against suits that target protected First

11   Amendment activity, the Association's suit here had nothing to do with protected activity

12   and exclusively sought money damages for funds that Abbate and Meyers had embezzled

13   from the Association. Though anti-SLAPP motions may only be brought against suits that

14   do not have a reasonable chance of establishing a *prima facie* case, the Defendants and

15   their counsel pursued the motion here knowing full well that the Association had very

16   substantial proof of Defendants fraud and theft.

17   Indeed, against all reason these Defendants and their counsel wrongfully pursued

18   their baseless motion to strike though the trial court, the court of appeal, through a

19   Request for Rehearing in the court of appeal and an unsuccessful Petition for Review

20   before the California Supreme Court. This tactic cost the CPOA $21,356.38 in totally

21   unnecessary fees and costs and delayed their suit - a suit solely for money damages

22   against Abbate and Meyers - for over eighteen months.

23   The anti-SLAPP statute, CCP § 425.16(c), permits a plaintiff who prevails on such

24   a motion to strike to recover fees and costs where the motion was frivolous under

25   CCP § 128.5. Under section 128.5, moreover, fees may be assessed against "a party, a

26   party's attorney, or both" as "a result of bad faith actions or tactics that are frivolous or

27   solely intended to cause unnecessary delays." Under CCP § 425.16 and 128.5 therefore,

28

**Exhibit** F-4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF SANTA CLARA COUNTY CORRECTIONAL

1  Plaintiff should be compensated for this needless expense and travail by reimbursement of

2  their reasonable attorney fees and costs. Anything less than this will only serve to reward

3  and encourage the bad faith tactics of Defendants and their counsel.

4  
## II
## FACTUAL AND PROCEDURAL BACKGROUND

5

6      The Santa Clara County Correctional Peace Officers Association (Association) is a

7  nonprofit mutual benefit corporation that acted as a union representing employees of the

8  Association in 1992. By 1993, Meyers was its treasurer.[1]

9      A.    Abbate's and Meyers' Activities

10      Over the next several years, with Abbate as president and Meyers as treasurer, the

11  Association engaged in efforts to obtain independent bargaining authority and law

12  enforcement powers for correctional officers. These efforts included lobbying, public

13  relations campaigns, and litigation such as *County of Santa Clara v. Deputy Sheriffs'*

14  *Assn.* (1992) 3 Cal.4th 873, *People ex rel Deputy Sheriffs' Assn v. County of Santa Clara*

15  (1996) 49 Cal.App.4th 1471, and *Abbate v. County of Santa Clara* (2001) 91 Cal.App.4th

16  1231. Appellants contend they used the Association treasury to mount four legislative

17  attempts to gain law enforcement powers for Association members, resulting ultimately in

18  the 1999 passage of Senate Bill No. 1019, which amended Penal Code Section 831.5,

19  subdivision (g) to grant certain authority to Santa Clara County correctional officers. (See

20  Stats. 1999, chs. 83, 635, § 2.) Abbate's last term as president of the Association

21  concluded in 2001.

22      B.    New Administration and Financial Investigation

23      In 2003, Abbate ran again for Association president and was defeated by Everett

24  Fitzgerald (Fitzgerald). Abbate and others sued to void the election and obtained a

25

26

27  [1]  The factual and procedural background set forth at p. 2, l. 6 through p. 4, l. 26 is based upon, and adopts virtually verbatim, the "Facts and Procedural History" as set forth in the opinion of the Court of Appeal. *Santa Clara County Correctional Peace Officers Association v. Abbate, et al.* 2008 WL 485115.

28  

**Exhibit** *F-5*

1    preliminary injunction prohibiting Fitzgerald from performing his duties. This injunction

2    remained in effect until April 2004.

3        After taking office, Fitzgerald noticed possible irregularities in the Association's

4    financial records and an unusually large number of checks issued to Abbate and Meyers.

5    He appointed a committee to investigate. Upon reviewing the Association's records from

6    1994 through 2004, the committee discovered that appellants had paid to themselves

7    substantial sums in violation of the Association's bylaws or without proper

8    documentation.

9        In particular, based upon a review of Association bank records, general ledger, and

10   other financial reports, as well as the expense report tiles for Association officers and

11   directors and the minutes of the meetings of the board of directors and the membership,

12   the committee determined that: appellants failed to provide complete expense reports to

13   justify the amounts paid to them for reimbursement of expenses; appellants paid to

14   themselves substantial amounts described as "release time," which had not been

15   authorized; at least 25 checks totaling approximately $65,000 had been issued to Meyers

16   and bore the signature of Meyers or Abbate only, in violation of the Association bylaw

17   requiring two signatures; credit card payments had been made on Defendants behalf

18   without documentation; and appellants paid themselves amounts in excess of budgeted

19   and approved stipends and reimbursement.

20        Meyers was removed from office in 2005.

21   **C.    Association Lawsuit Against Abbate and Meyers**

22        The Association filed a complaint against Defendants in October 2006 for

23   "fraud/conversion.," breach of fiduciary duty, and an accounting, seeking to recoup the

24   amounts allegedly taken from the Association.

25        In December 2006, Defendants filed a special motion to strike the complaint under

26   the anti-SLAPP provisions of Code of Civil Procedure section 425.16. Defendants

27

28

Exhibit  F-6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF SANTA CLARA COUNTY CORRECTIONAL

1    contended that the Association's causes of action arose from appellants' union activity and

2    that the challenged expenditures had been reported in the Association's records.

3        In January 2007, the Association's "FIRST AMENDED COMPLAINT FOR

4    MONEY" added common counts to the causes of action previously asserted. Like the

5    original complaint, the first amended complaint essentially sought compensation for the

6    amounts appellants purportedly took from the Association without authorization. The

7    First Cause of Action for "fraud/conversion" alleged:

8            During the period between 1994 and 2004, [appellants], while acting
             in their capacities as President and Treasurer of [the Association], too
9            monies from [the Association's] bank account(s) and/or improperly
             made payments on [appellants'] personal credit cards with [the
10           Association's] funds, and converted said funds to their own use.
11           [The Association] is unaware of the exact amounts converted, but
             believes that the amounts converted on behalf of [appellant Abbate]
12           exceeded $544,000, and the amounts converted on behalf of
             [appellant] Meyers exceeded $486,000.
13

14       The First Cause of Action further alleged:
15           "Prior to the commencement of this action, [the Association] made
             demand upon the [appellants] have failed and refused to return any
16           repayment of any amounts taken, but [appellants] have failed and
             refused to return any portion of said funds or to account for the
17           payments made to them from [the Association's] funds."

18       The remaining causes of action sought similar relief under other legal theories. . . .

19   apparently the Association … opposed Defendants' anti-SLAPP motion to strike, which

20   was apparently deemed to be asserted against the first amended complaint as well as the

21   original complaint. Accompanying the Association's memorandum of points and

22   authorities were declarations from Fitzgerald and two members of the committee the

23   investigated the financial irregularities, Antonio Richardson and Timothy Davis. These

24   declarations detailed the committee's findings (summarized *ante*) and attached copies of

25   the subject checks and expense reports as exhibits. Abbate and Meyers filed reply papers

26   in support of the motion to strike. After a hearing, the trial court denied the motion, and

27   Defendants appealed.

                                                    Exhibit F - 7

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF SANTA CLARA COUNTY CORRECTIONAL

1   After briefing, and oral argument on February 21, 2008 the appellate court affirmed

2   the trial court's judgment on February 25, 2008.  The appellate court found that the suit

3   was not based upon or directed at any "protected, First Amendment type activity.  The

4   appellate court further found that the suit had a probability of success on the merits.

5   Despite the clarity and plainly correct nature of the appellate court findings, Abbate,

6   Meyers and Allen petitioned for Rehearing.  After that petition was denied they filed a

7   Petition for Review before the California Supreme Court.  That petition was denied on

8   June 11, 2008.  The remittitur was thereafter issued on June 12, 2008.

9

                                    III

10

                                ARGUMENT

11

    A.    **The Anti-SLAPP Statute Permits Fees Against The Unsuccessful**
          **Defendant Where The Motion To Strike Was Frivolous**

12

13  The anti-SLAPP statute permits a prevailing plaintiff to recover costs and fees for

14  having to respond to a frivolous anti-SLAPP motion:

15          "If the court finds that a special motion to strike is frivolous or is
            solely intended to cause unnecessary delay, the court shall award
16          costs and reasonable attorneys' fees to a plaintiff prevailing on the
            motion pursuant to Section 128.5." CCP § 425.16(c)[2]
17

18  Under Section 128.5 a court may assess fees against a party and/or his attorney for

19  frivolous tactics:

20          "Every trial court may order a party, a party's attorney, or both to pay
            any reasonable expenses, including attorneys' fees incurred ... as a
21          result of bad faith actions or tactics that are frivolous or solely
            intended to cause unnecessary delays." (CCP § 128.5) [3]
22

23

24                                              **Exhibit   F-8**

25

26  [2]  The reference to § 128.5 means a court must use the procedures and apply the substantive standards of
    CCP § 128.5 in deciding whether to award fees under the anti-SLAPP statute even though the statute otherwise has
27  limited application.  Decker v. U.D. Registry, Inc. 105 Cal.App.4th 1382 (2003), The Ruffen Group, CACIUP 7.1165

28  [3]  Case law indicates that such a motion may be made *after appeal*, following remand to the trial court:

                                        -5-

1    Frivolous means totally without merit or for the sole purpose of delay:

2         The statute defines frivolous as meaning "(A) totally and completely
         without merit or (B) for the sole purpose of harassing an opposing
3         party." (Code Civ. Proc., § 128.5, subd. (b)(2).) Thus, courts have
         uniformly applied an objective standard to this term and found an
4         action objectively frivolous "where it can be said that it 'indisputably
         has no merit,' such that 'any reasonable attorney would agree' that it
5         is 'totally and completely without merit.'
6
         *Corbett v. Hayward Dodge, Inc.* 119 Cal.App.4th 915, 922 (2004)
7

8         Here, the anti-SLAPP motion was plainly frivolous and without merit and sanctions

9    and therefore proper.

10   **B.    An Anti-SLAPP Motion Is Only Proper When The Underlying Suit
              Targets Protected Activity**
11

12        Under CCP § 425.16 an anti-SLAPP motion is proper where a lawsuit that has little

13   or no merit is filed as a "strategic lawsuit" that is "against public participation". The anti-

14   SLAPP statute is thus designed to protect a defendants' right to petition governmental

15   bodies or speak out on the public issues.

16        California appellate courts have taken great pains to define the kinds of lawsuits

17   that may, and the types of actions which may not, be characterized as ones "arising from"

18   free speech or other protected activity. Several core principles have been well-established

19   for years and are key to showing the frivolous character of the Defendants motion here.

20        First, the fact that a suit was supposedly in *retaliation* against protected activity is

21   insufficient to justify an anti-SLAPP motion. As the California Supreme Court has stated:

22

23        As noted, there are three ways in which a party may seek an award of attorney fees and costs in
         connection with a special motion to strike under section 425.16. The party filing such a motion
24        may seek attorney fees in its moving papers, or the party prevailing on the motion may bring a
         separate, subsequently filed motion for fees and costs. (*Doe v. Luster, supra,* 145 Cal.App.4th at p.
25        144, 51 Cal.Rptr.3d 403; *American Humane Assn., supra,* 92 Cal.App.4th at p. 1103, 112
         Cal.Rptr.2d 488.) The party prevailing on the special motion to strike can also seek its attorney
26        fees as part of a cost memorandum at the conclusion of the litigation.

27        *Carpenter v. Jack In The Box* 151 Cal.App.4th 454, 468 (2007) Under Rule of Court Rule
         8.228(c), such a motion for fees made as part of the recovery costs must be made within 40 days
28        after the court clerk sends notice of the issuance of the remittitur.     **Exhibit** F-9

                                        -6-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF SANTA CLARA COUNTY CORRECTIONAL

1    "The anti-SLAPP statute cannot be read to mean that any
     claim asserted in an action which arguably was filed in
2    retaliation for the exercise of speech or petition rights falls
     under section 425.16 …" *City of Cotati v. Cashman* 29 Cal.4th
3    69, 76-77 (2002)

4    Second, the *subjective intent* of the plaintiff is irrelevant.  As the Supreme Court

5    likewise has pointed out: "The [P]laintiff's subjective intent is not relevant under the

6    anti-SLAPP statute."  *City of Cotati, supra,* at 77-80.

7    Third, the statute does not even apply to curtail a plaintiff's *oppressive litigation*

8    tactics.

9    "That a cause of action arguably may have been triggered by
     protected activity does not entail that it is one arising from
10   such.  To focus on the [plaintiff's] litigation tactics rather than
     on the substance of [the] lawsuit, risks allowing [Defendants]
11   to circumvent the showing expressly required by section
     425.16 subdivision (b)(1) that an alleged SLAPP arise from
12   protected speech or petitioning."
13   *City of Cotati, supra* 29 Cal.4th at 78.

14   Though all of these principles had been on the books for five to ten years before

15   Defendants filed their motion, Defendants and their lawyer blatantly disregarded every

16   one of them.  They filed an anti-SLAPP motion claiming it was justified because

17   Plaintiffs' suit, even though it only sought money damages for embezzlement, was

18   subjectively intended to retaliate against Defendants exercise of First Amendment rights.

19   **C.    An Anti-SLAPP Motion Is Only Proper Where There is No
20           Probability of Success On the Merits**

21   Even if a defendant establishes that the plaintiff's suit was directed at

22   protected activity, it still must be established that the plaintiff's suit lacks merit.  If

23   the plaintiff can make the minimal showing of a *prima facie* case the motion to

24   strike must be denied:

25   An anti-SLAPP motion must be denied "if the plaintiff
     presents evidence establishing a prima facie case which, if
26   believed by the trier of fact, will result in a judgment for the
     plaintiff. . . . *Only a minimal showing of merit is required.*
27

28                                              **Exhibit** F-10

                                    -7-

1      *Robinzine, supra* 143 Cal.App.4th at 1421 (emphasis added).
See also, *Navellier v. Sletten*, 29 Cal.4th 82, 88-89 (2002)

2      (emphasis added).

3      In determining whether this "minimal" showing of success has been established:

4      the court does not weigh the credibility or comparative
probative strength of competing evidence … *plaintiff's*

5      *burden as to the second prong of the anti-SLAPP test is akin
to that of a party opposing a motion for summary judgment.*"

6      *Navellier v. Sletten*, 106 Cal.App.4th 763, 768 (2003).
(emphasis added)

7

8      Here the courts held that Defendants and their counsel failed to establish *either*

element of the statute.

9

10     As the court of appeal held, the Association's suit did not present a challenge to

protected activity:

11

12     The Association's first amended complaint does not challenge
appellants' lobbying or other union activities. Nor does it contend

13     that appellants should not have spent Association funds for union
purposes or union activities. Instead, the Association's causes of
action, and the evidence submitted by declaration, contend that

14     appellants took money for *themselves*, without proper *documentation
or authorization* by the Association. The gravamen of the

15     Association's complaint is therefore not directed at or based upon
protected activity.

16     Thus, Defendants failed to satisfy the first prong of the two-part anti-SLAPP test.

17     In addition, the court of appeal further determined that Plaintiff had established a

18   reasonable probability of success on the merits:

19

20     Even if appellants had established that the Association's first
amended complaint arose from appellants' protected activity, they

21     could not prevail on their anti-SLAPP motion because the
Association established a probability of prevailing on its claims.

22     Thus Defendants did not establish either requirement of the two-prong test for anti-

23  SLAPP motions. Indeed, under the facts and pertinent law there was no reasonable basis

24  for going ahead with the motion in the first place. To pursue this unmeritorious motion

25  through the trial court, the Court of Appeal, and through a Petition for Rehearing and a

26  Petition for Review to the Supreme Court however, was plainly in bad faith and

27  undertaken solely for the purpose of the delay.

**Exhibit** F-11

28

-8-

**D.    The Motion To Strike Was Frivolous and Intended For Purposes of Delay**

The anti-SLAPP motion filed by Abbate, Meyers and Allen was not just off the mark and, in the end, unsuccessful. It was, from the start, completely without merit and totally frivolous. There was, first of all, no reasonable basis for believing that the Association's suit seeking the return of embezzled funds was a suit that was "arising from" or "based" upon protected First Amendment activity. As discussed above, years before the filing of this suit California courts, including the California Supreme Court, had ruled that a suit that was merely in retaliation for the exercise of First Amendment rights was not based upon the exercise of those rights and thus not a proper basis for an anti-SLAPP motion. *City of Cotati v. Cashman* 29 Cal.4th 69, 76-77 (2002) (see pp. 6-7, *supra*)

Indeed, many cases decided prior to the filing of this motion had held that just because a suit involves a public entity, or arguably has a connection to protected activity, does not mean that the suit is *based on* protected activity. If the focus of the suit is on a business transaction, or a claim of wrongdoing, then the suit cannot be the subject of an anti-SLAPP motion. An act that is a business type event or transaction "is not the type of protected activity contemplated under section 425 .16, subdivision (e).)" (*Blackburn v. Brady* (2004) 116 Cal.App.4th 670, 677) In the *Blackburn* case, fraudulent communications made in connection with bids submitted a government auction were not protected because the bid was a business transaction, though the auction was conducted by the sheriff. In another case, conduct relating to a city construction contract fell outside the scope of the anti-SLAPP statute because the challenged conduct arose not from speech or government petitioning activities but rather from bidding and contracting practices. (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 929-930) No protection is given to a subcontractor who files a "stop notice" with a government agency to require a school district to withhold money from a general contractor as part of a private dispute between the contractor and the subcontractor. (*A.*

-9-

**Exhibit**    F-12

1   *Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.* (2006) 137 Cal.App.4th

2   1118, 1129-1130)

3       On its face, and especially in light of such authorities, Defendants claim was

4   preposterous.  They argued that because they used the stolen money to pursue a First

5   Amendment goal, it was an abridgment of their political freedoms for the victims of the

6   theft to ask for their money back.  But though corrupt politicians and unscrupulous union

7   officials would love such a principle, it does not have, and never has had, the slightest

8   support in the law or common sense.  Simply stated, no reasonable attorney could begin to

9   think the anti-SLAPP statute was meant to apply in such situations.

10      Likewise, no reasonable attorney could believe that the Association did not have a

11  probability of success on the merits within the meaning of the statute.  As already

12  discussed, to show sufficient probability of success on the merits within the meaning of

13  CCP § 425.16, one need only establish a *prima facie* case that could survive a motion for

14  summary judgment.  (See *supra*)  Here, as the court of appeal summarized, a prima facie

15  case was established because the "declarations submitted on the Association's behalf

16  summarized the findings of the investigation of the apparent financial irregularities

17  involving appellants."

18          The committee members discovered that appellants paid to

19          themselves substantial sums in violation of the Association's bylaws
    and without proper documentation.  For example, the general ledger

20          reflected a number of transactions by which appellants were paid for
    "Release Time" - time taken by a union official away from his duties

21          as a correctional officer to prepare grievances or address other union
    matters - in addition to their regular salaries, without proper approval.

22          The committee found at least 25 checks issued to Meyers bearing

23          only one signature, contrary to the Association bylaw that requires
    checks to be signed by two officers.  In further violation of the

24          bylaws, appellants purportedly made unbudgeted expenditures
    without prior approval by the membership, including payments on

25          stipends and expense reimbursement requests.  This evidence

26          demonstrates a *prima facie* case of the Association's claims,
    including fraud, conversion, and breach of fiduciary duty.

27

28  **Exhibit F-13**

-10-

1    As the court of appeal further indicated, the efforts of the Defendants and their

2    counsel to contest these allegations served only to highlight obvious questions of fact:

3          By these contentions, appellants perhaps demonstrate that the
           Association's assertions are subject to dispute, but they do not
4          establish that the Association failed to make a *prima facie* case ...

5          Again, appellants merely establish a disputed question of fact, and
           they have no shown that the Association's lawsuit is barred by
6          section 903 ...

7          However, appellants have not established by competent evidence that
8          all of the alleged wrongdoing would have been subject to section 903
           as "actions of the board of directors" (as opposed to acts of Meyers or
9          Abbate), or that section 903 would provide the exclusive remedy for
           appellants' alleged wrongdoing.
10

11    Thus, Defendants and their counsel did not come close to establishing either

12    requirement of the two prong test for anti-SLAPP motions.  To so completely disregard

13    *both* the law and the *facts* of the case plainly demonstrates bad faith tactics.

14    E.    The Frivolous Anti-SLAPP Motion Cost The Association
            Thousand Dollars and Delayed Its Suit For Over 18 Months
15

16    As set forth in the accompanying declaration of William Sortor, the bad faith tactics

17    of the Defendants and their counsel cost the Association over $21,356. The Association's

18    only source of revenue is the dues of its members and the association can ill afford this

19    kind of waste.  Indeed, it is especially outrageous that the Plaintiff would be forced to

20    incur these expenses, and suffer the loss of eighteen months of time, when the suit itself is

21    an action to recover monies stolen from the Association over a decade while Abbate and

22    Meyers acted as officers in the Association.  The failure to award such fees and costs

23    would be to reward and encourage such frivolous and bad faith conduct.

24

25

26

27

28

**Exhibit  E· 14**

-11-

1
2
3                                          IV
4                                      CONCLUSION

        For the foregoing reasons it is respectfully submitted that the Court should grant the
5
   motion and assess fees and costs against both the Defendants Abbate and Meyers, *and*
6
   their counsel, Mr. Allen.
7
8                                    LAW OFFICES OF RUTH ELIN AUERBACH

9                                         RUTH ELIN AUERBACH

10                                   By _____
                                            Ruth Elin Auerbach
11                                   Attorneys for SANTA CLARA COUNTY
                                     CORRECTIONS PEACE OFFICERS
12                                   ASSOCIATION
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27                                                    **Exhibit** F-15
28
                                           -12-